250:(Okla) 54
Pac 313

[Crim. No. 375.    Department One.—March 5, 1898.]

## THE PEOPLE, Respondent, v. AARON APPLETON, Appellant.

CRIMINAL LAW—GRAND LARCENY—MONEY TAKEN FROM PERSON—SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE—QUESTIONS FOR JURY. — Circumstantial evidence reviewed and held sufficient to justify a conviction of the crime of grand larceny in taking a purse containing less than fifty dollars from the pocket of a man who was in a drunken sleep on a doorstep, though neither the defendant nor his companion were seen in actual contact with his person, but the situation and circumstances were such as to have afforded them the opportunity, and to have justified the jury in inferring that the purse was in the pocket when taken and was abstracted therefrom; and the questions as to whether the purse might have fallen from the pocket, and was not upon the person of the sleeper when taken, and as to the weight of the evidence tending substantially to establish the defendant's guilt, were for the jury to determine.

ID.—INSTRUCTIONS AS TO TAKING FROM PERSON—ABSENCE OF SPECIAL REQUEST. It is sufficient for the court to give correctly the definition of the offense of grand larceny in taking property from the person of another, in the general terms of the statute, unless requested by the defendant to give a more particular charge as to what constitutes a taking from the person, within the meaning of the statute, in which case it is the duty of the court to give such instruction; but, in the absence of such request, the defendant will be deemed to have been satisfied with the charge as given, and the omission to give a more particular instruction as to what constitutes the offense, which it was the duty of the defendant to ask for, if desired, is not error.

ID.—ADMISSION OF PREVIOUS CONVICTION—ESTOPPEL OF DEFENDANT.—The defendant having, on arraignment, admitted the fact of a former conviction charged against him, could not be heard, upon the trial, to question the correctness of such fact, without first getting leave to withdraw the admission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new

trial and denying a motion in arrest of judgment.    Carroll Cook, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

VAN FLEET, J.—Defendant's main contention is that the evidence did not warrant a conviction of grand larceny—the amount taken being less than fifty dollars—because, as contended, it did not show that the money was taken from the person of Nolan.

At the time the larceny is supposed to have been committed Nolan was in a drunken sleep on a doorstep.    Between 2 and 3 o'clock in the morning defendant and a companion were discovered standing on the sidewalk, very near the sleeping man, in a suspicious manner; they were watched, and seen to move away a short distance and then stop for a few moments by a fence, after which they started off down the street, when defendant was arrested, his companion running away and escaping.    Nolan was immediately aroused and it was found that his left trousers pocket was turned inside out and empty.    The last he remembered before going to sleep, his purse, containing six or seven dollars in silver coin, was in the pocket.    After daylight a search revealed the empty purse inside the yard by the fence near the point where defendant and his companion had been seen to stop.

While entirely circumstantial, this evidence fully justified a finding of a taking from the person.    True, neither the defendant nor his companion were seen in actual contact with Nolan's person, but the situation was such as to have afforded them the opportunity, and the jury were clearly justified by the circumstances in drawing the inference that the purse was in the pocket when taken and was abstracted therefrom.    The argument that there was nothing to show that it had not fallen from the pocket and was not upon the person of Nolan at the time of the taking was for the jury.    The suggestion that in certain other respects the evidence was lacking is without merit.    It substantially

tended to establish defendant's guilt, and its weight was for the jury.

It is claimed that the court erred in not instructing the jury as to what constitutes a taking from the person, within the meaning of the statute. It was the duty of the court to so instruct if requested by the defendant; but the record discloses no such request. The jury were correctly given the definition of the offense in the general terms of the statute, and if defendant deemed it essential to his protection to have them more particularly charged as to what would constitute the offense it was his duty to ask it. In the absence of such request the defendant will be deemed to have been satisfied with the charge as given, and the omission will not be held error. (*People v. Olsen*, 80 Cal. 122; *People v. Arnold*, 116 Cal. 682-87.) *People v. McElroy*, 116 Cal. 583, does not change or modify this rule in any respect. That case simply declares what will be considered a taking from the person.

There was nothing in defendant's showing on motion for a new trial which would have justified setting aside the verdict, and the new trial was properly denied.

The defendant, having on arraignment admitted the fact of a former conviction charged against him, could not be heard upon the trial to question the correctness of such fact without first getting leave to withdraw the admission, which he did not do. Moreover, it does not appear that the conviction referred to in his evidence is the same as that charged in the information.

We find no error in the record. Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.