THOMAS DOUTHITT, *et al.* v. THE TERRITORY OF OKLAHOMA.

(Filed July 30, 1898.)

1. CRIMINAL LAW—*Instructions.* In a criminal case, in the absence of any request by the defendant for specific instructions, it will be held that the defendant was satisfied with the instructions as given.

2. APPEAL.—*Review of Evidence.* Testimony having been offered tending to show the guilt of the defendants, and the matter having been left to the jury under proper instructions, the court here will not undertake to weigh the evidence, nor will it set aside the verdict. This court is not warranted in reversing the finding of the jury on the facts, unless there is an entire failure of proof upon some material and necessary point.

3. LARCENY—*Possession of Stolen Property—Rule Applied.* The rule as declared in this Territory is that the possession of stolen property recently after the theft is, if unexplained, a circumstance tending to show the guilt of the person having such possession.

4. NEW TRIAL—*What Must Appear.* In order to justify the court in granting a new trial upon newly-discovered evidence, it must appear that the evidence is not cumulative, and that, if it had been introduced, it would, with reasonable probability, have compelled a different conclusion.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before J. R. Keaton, District Judge.*

*J. H. Woods,* for plaintiff in error.

*H. S. Cunningham, Attorney General* and *W. J. Lackey,* for defendant in error.

STATEMENT OF FACTS.

Thomas Douthitt and William Douthitt were indicted for stealing a cow. The indictment charged that the defendants, on the 10th day of December, 1896, stole a cow, valued at $25, the property of Samuel Workman. The

defendants were found guilty. The motion for a new trial alleged (1) that the jury were guilty of misconduct by which a fair and due consideration of the case was prevented; and (2) that the verdict of the jury is contrary to, and not supported by the evidence. Another motion for a new trial was made, on the ground of newly-discovered evidence, which averred that it could not have been discovered before the trial of the cause, and was material. The evidence was attached to and accompanied the motion, in the form of affidavits. These motions being overruled, defendants bring error. Affirmed.

Opinion of the court by

McATEE, J.: The assignments of error made in the first motion were argued upon the proposition that there was no evidence tending to connect the defendants with the theft charged in the indictment, or which would have been proper for the jury, except the fact of possession of the stolen property soon after the theft, and that since the defendants explained this possession, and the explanation was not shown by the Territory to be false, the verdict should be set aside. Evidence was offered to the jury tending to show that the cow charged to have been stolen was taken from the premises of Workman, most probably upon the date charged in the indictment; that seven days afterwards the cow was found in their possession; that they had butchered it in a field three or four miles from Shawnee, and sold the hide, and that the brand had been cut out of the hide; that the ear which had been marked as one of the evidences of ownership had also been cut off; that, after the discovery of the hide and its identification by Workman and others, Workman had a conversation with one of the defendants, in which

he asked the defendant to show the bill of sale for the cow, which the defendant declined to do, saying that he "would do it at the trial;" and that the hide had also been salted before being delivered to the hide buyer.

The explanation offered by the defendants was that they purchased the animal from a negro named Tom Johnson, while he was driving it along the road; that they had taken and immediately slaughtered it; and that they then went off to another part of the same field, and slaughtered another animal, leaving Johnson with the carcass and hide of the cow specified in the indictment; and it was offered as a suggestion by the defense that the brand and marked ear may have been cut from the animal by the negro, in the absence of the defendants, because, when they returned, the hide had been rolled up, and placed in the wagon, where it remained until it was sold. The fact that the hide had been salted was offered by the Territory as tending to show that the defendants, even if the hide had been rolled up, as they testified, must have unrolled it afterwards, in order to salt it. These facts were given in evidence to the jury, and they were left to the jury to be determined, under instructions which were not objected to; neither were any specific instructions asked for, and, in the absence of any request by the defendants for specific instructions, it will be held that the defendants were satisfied with the instructions as given. (*People v. Appleton* [Cal.] 52 Pac. 582.) It was for the jury to determine, upon this evidence, whether or not the defendants were guilty as charged in the indictment.

Testimony having been offered tending to show the guilt of the defendants, and the matter having been left

to the jury, under proper instructions, the court here will not undertake to weigh the evidence, nor will it set aside the verdict. This court will not be warranted in reversing the finding of a jury on the facts, unless there is an entire failure of proof upon some material and necessary point. (*People v. Kuches* [Cal.] 52 Pac. 1002; *Mitchell v. People* [Colo. Sup.] 52 Pac. 672.)

Neither can the proposition be sustained here that, upon proof of recent possession of stolen property, which is explained by the defendants, and the explanation not shown to be false by the Territory, the verdict of guilty should be set aside. The rule as declared in this Territory is that the possession of stolen property recently after the theft is, if unexplained, a circumstance tending to show the guilt of the person having such possession. (*Johnson v. Territory*, 5 Okl. 695, 50 Pac. 90.)

It is, however, contended that there was error in the overruling of the motion for a new trial, on the ground of newly-discovered evidence. This newly-discovered evidence consisted of the affidavit of one Nieswender that "about" the middle of December, 1896, he saw a negro driving a cow similar to the one in controversy, towards Shawnee; and the affidavits of two school boys, Bert and Clarence Robinson, who testified that on the 10th of December, 1896, they and William Douthitt stayed all night in the town of Shawnee in the same house, where they slept. They testified that they had a talk with William Douthitt about the matter before the trial—that is, before the 13th of March, 1897—and at that time they were unable to remember the date, but that since that time, to-wit, on the 29th day of December, 1897, they remembered the date. Added to these affidavits were

the affidavits of the defendants themselves, who testified that "they had recently learned that a negro named Tom Johnson lived in the Seminole country, about the time that the defendants purchased the cow from one Tom Johnson." The affidavit of Nieswender does not fix any date. The affidavits of the Robinson boys can scarcely be held to be of any value, since they were able on the 29th of December, 1897, to fix an occurrence on the night of the 10th of December, 1896, when they could not do so in March of 1897. And the evidence touching the whereabouts of the Douthitts on the night of the 10th of December must be taken in connection with the testimony of Workman, as to the time at which the animal was stolen; for he did not undertake to fix the date with certainty, but believed that it was the 10th, and it might have been the 11th, of December. It is well established, in order to justify the court in granting a new trial on newly-discovered evidence, that it could not with reasonable diligence have been obtained at the time of the trial; that it is not cumulative; and that, if it had been introduced, it would, with reasonable probability, have compelled a different conclusion. (*Sexton v. Lamb*, 27 Kan. 432; *Clark v. Com.* [Ky.] 32 S. W. 131.) No point is touched by the affidavits offered under the motion now for discussion which was not testified to at the trial. Under the testimony of the Territory concerning the time of the commission of the offense, the jury may yet, from the evidence, have found a verdict of guilty, even though they believed the *alibi* completely proven. We think the court did not err in overruling either of the motions for a new trial. The judgment of the court below is affirmed.

All the Justices concurring.