CHARLES GLENNY v. TERRITORY OF OKLAHOMA.

(Filed February 11, 1905.)

1. INSTRUCTIONS—Not Reviewed, When. This court will not review the instructions of a trial court, where the record fails to show that any objections were made or exceptions taken to such instructions at the time they were given.

2. NEW TRIAL—Newly Discovered Evidence. As a general rule, newly discovered evidence which merely tends to impeach or discredit a witness, is not sufficient as a ground for a new trial.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*F. P. Cease, J. L. Ventrees, G. D. Key,* and *R. E. Taylor,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don. C. Smith, Assistant Attorney-General,* for defendant in error.

Opinion of the court by

HAINER, J.: The plaintiff in error, Charlie Glenny, was indicted and convicted of the crime of assault with intent to do bodily harm by means of a dangerous weapon. Glenny appeals. Four errors are assigned and argued by counsel for plaintiff in error, for a reversal of the judgment.

In the first and second assignments of error, it is argued that the court erred in giving instructions 8 and 9 to the jury. The record fails to disclose that any objections were made, or exceptions taken, to these or any other instructions. There being no exceptions to the instructions given by the trial court, they are not subject to review upon appeal. In

*Drury v. The Territory of Oklahoma,* 9 Okla. 398, Mr. Chief Justice Burford, speaking for the court, said:

"The correctness of some of the instructions given by the court is questioned in the brief of counsel, but we are unable to find in the record that the instructions were ever objected to or any exceptions taken to them in the trial court. Under such state of the record we must decline to review and pass upon them."

And the same rule has been adopted by the supreme court of the United States in *Tucker v. United States,* 151 U. S. 164; *St. Clair v. United States,* 154 U. S. 134; *Humes v. United States,* 170 U. S. 210.

The third assignment of error is, that the court erred in overruling the motion for a new trial, because the verdict of the jury was contrary to the law and the evidence. In our opinion, the evidence fully warranted the returning of the verdict of guilty as charged in the indictment. It is a well settled rule of this court, that where the evidence reasonably sustains the verdict, and the jury has been properly instructed as to the law, and a motion for a new trial has been denied, and the verdict of the jury approved by the trial court, the supreme court will not invade the province of the jury to weigh the evidence, and disturb the verdict upon conflicting testimony. (*Smith v. The Territory,* 11 Okla. 656.)

In the fourth assignment of error it is contended that the court erred in overruling defendant's motion for a new trial on the ground of newly discovered evidence. In our opinion, this motion was properly overruled, for two reasons: (1) Because no diligence whatever was shown; and (2), because the evidence was merely of an impeaching character, such as, in all reasonable probability, would not have caused

the jury to return a different verdict.   In *Doulhitt v. The Territory*, 7 Okla. 55, this court said:

"* * * It is well established, in order to justify the court in granting a new trial on newly discovered evidence, that it could not with reasonable diligence have been obtained at the time of the trial; that it is not cumulative; and that, if it had been introduced, it would, with reasonable probability have compelled a different conclusion. * * * "

Newly discovered evidence which merely tends to impeach or discredit a witness is, as a general rule, insufficient as a ground for a new trial.   In vol. 14, p. 807 of the Encyclopaedia of Pleading and Practice, the rule is thus stated:

"New evidence which merely tends to discredit or impeach an adverse party or his witnesses will not avail as a ground for a new trial, as such testimony may be discovered in almost every case, and there must be an end to litigation. The new evidence of such a character which will warrant a new trial must be not only impeaching, but sufficient to probably change the result if a new trial is granted."

In *State v. Smith*, 35 Kan. 618, 11 Pac. 908; it was said:

"As a general rule, newly discovered evidence, the purpose of which is to discredit a witness in the original trial, does not afford adequate ground for the granting of a new trial."

We find no error in the record prejudcial to the rights of the plaintiff in error, and the judgment of the court below is therefore affirmed.

Gillette, J., who presided in the court below, not sitting; Beauchamp, J. absent; all the other Justices concurring.