WILLIAM SMILEY AND E. M. DIXON v. THE TERRITORY OF
OKLAHOMA.

(Filed June 16, 1905)

1. TRIALS—Appeal—Motion for New Trial—Evidence. Where the
evidence submitted upon the trial of a criminal cause is not made
a part of the record by bill of exceptions or case made, and at a
succeeding term of court after the rendition of judgment, a motion
for new trial is presented, based upon the grounds of newly dis-
covered evidence, and overruled by the trial court, and an appeal is
taken from the order overruling such motion, the evidence taken
on the trial not having been offered or introduced upon the hearing
of said motion, such evidence is no part of the record in said cause
and being no part of the proceedings upon the motion for new trial,
cannot be incorporated into a case made so as to make it a pro-
per subject for consideration on review by the appellate court of
the action of the trial court in overruling such motion.

2. APPEALS—Error—Presumption. The burden is on him who al-
leges error to show it affirmatively, and in the absence of such af-
firmative showing the appellate court will entertain every reason-
able presumption in favor of the regularity and correctness of the
action of the trial court.

3. NEW TRIALS—Grounds for. New trials will not be granted upon
the grounds of newly discovered evidence where the newly found
evidence is cumulative, or for the purpose of impeachment, or
only tends to affect the credibility of other witnesses; and where
one relies upon newly discovered evidence for obtaining a new
trial, he must affirmatively show that such newly discovered evi-
dence is of a character to entitle him to a new hearing.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before
F. E. Gillette, Trial Judge.*

*A. J. King,* for plaintiffs in error.

*P. C. Simons, Att'y Gen'l,* and *Don C. Smith, Ass't,* for
defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiffs in error were tried in the district court of Comanche county upon an indictment charging them with the crime of murder. They were convicted of manslaughter in the second degree, and sentenced to two years' imprisonment in the territorial penitentiary. No appeal was taken from this judgment. The defendants were sentenced in April, 1903, and on October 28, 1903, filed their application for a new trial upon the grounds of newly discovered evidence. This application was supported by the affidavits of the defendants, Sidney and Dixon, and of C. C. Gullett, Fred Ryan, M. Huntsinger, R. N. Earl, C. W. Tipton and A. A. Poe. The evidence introduced upon the trial, and on which the verdict of the jury and judgment of the court was based, was not offered or introduced in evidence in support of the motion for new trial, and is not before us for consideration. The judgment of the trial court had become final, and the proceedings had upon the trial are no part of the proceedings in support of the motion for new trial, based upon the ground of newly discovered evidence, and not filed until the succeeding term of court after the judgment was rendered. By properly incorporating them into a case made or bill of exceptions, all the proceedings had upon the trial of a criminal cause may be brought into the record and may, when proper exceptions have been taken and saved, be reviewed on appeal. But a motion for a new trial based upon newly discovered evidence, is in the nature of an independent proceeding, not to review the proceedings had upon the trial of the cause, but to have a new trial granted for matters coming to the knowledge of the defendant since the trial in which he was convicted, and for causes not pre-

sented to the court or jury on the trial of the cause. Hence, as the evidence taken upon the trial of the cause is no part of the record, unless made so by a bill of exceptions, or incorporated into a case made within the time allowed by law or extended by the court, it follows *a fortiori* that such evidence is not and cannot be a part of the proceedings had upon the motion for new trial.

While the evidence taken upon the trial is in fact incorporated into the case made, it is not properly a part of the record, and cannot be considered in support of the motion for new trial. After the time for filing a bill of exceptions and making and serving a case in the original cause had expired, there was no way to bring this evidence into the record except to introduce it as evidence in support of the motion for new trial, and then preserve it by bill of exceptions or case made as a part of the proceedings had upon the motion for new trial. This was not done, and such evidence is no part of the record before us, and we cannot consider the same for any purpose.

The affidavits presented do not make such a showing as to entitle the defendants to a new trial. The burden is upon the defendants to show affirmatively that the trial court committed error in overruling the motion for a new trial. In the absence of such affirmative showing an appellate court will always presume in favor of the regularity and correctness of the rulings of the trial court. Ordinarily courts will not grant new trials upon the grounds of newly discovered evidence, where it appears that such newly discovered evidence is merely cumulative, is for the purposes of impeachment, or to affect the credibility of a witness. (*White et al. v. State,* 17 Ark. 404; *State v. De Graff,* 18 S. E. 507; *Lille v.*

JUNE TERM, 1905.—Vol XV. 317

Enid Right of Way etc. Co. v. Lile.

*People,* 36 N. E. 98; *People v. Urquidas,* 96 Cal. 239; *State v. Howell,* 117 Mo. 307; *State v. Hendrix,* 12 So. 621.)

Without the evidence submitted upon the trial of the cause properly before us for consideration, we are unable to determine from the proceedings had upon the motion for new trial that any error was committed. The affidavits do not disclose such a state of facts as would have warranted the trial court in granting a new trial.

The judgment of the district court is affirmed, and cause remanded, and the sheriff of Comanche county is ordered to immediately proceed to execute the sentence and judgment of the district court of Comanche county in said cause, by transporting the prisoners to the penitentiary, pursuant to the directions contained in said judgment.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.