[Crim. No. 21.   Second Appellate District.—May 7, 1906.]

## THE PEOPLE, Respondent, v. SILAS CASTILE, Appellant.

CRIMINAL LAW—ROBBERY—IDENTITY OF DEFENDANT—SUPPORT OF VER-
DICT.—A verdict of guilty of the crime of robbery committed by
the defendant is fully supported by evidence that the robbery was
committed by two men described like defendant and his brother,
that they were unquestionably in the vicinity of the robbery when
it occurred, that they had in their possession when arrested, or
had sold between the date of the robbery and the arrest many
articles taken from the person robbed, and that the clothing of the
robbers, and the size and appearance of the men engaged in the
robbery, completely identified the defendant with such robbery.

ID.—EVIDENCE—POSSESSION OF STOLEN ARTICLES NOT PLEADED—IDEN-
TIFICATION.—Evidence showing defendant's possession of articles
belonging to the person robbed and taken from him by the rob-
bers, though not specified in the information, was admissible for
the purpose of identification of defendant with the commission of
the robbery.

ID.—ABSENCE OF REQUEST LIMITING EVIDENCE—CHARGE OF COURT.—
Where no request was made at the trial for an order to limit such
evidence to its legitimate purpose of identification, defendant will
not be heard to complain upon appeal that it was not so limited,
especially where, without such request, the court charged the jury
that such evidence was received for the purpose of identification
only.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.   B.
N. Smith, Judge.

The facts are stated in the opinion of the court.

Johnstone Jones, and H. H. Appel, for Appellant.

U. S. Webb, Attorney General, and J. C. Daly, Deputy
Attorney General, for Respondent.

ALLEN, J.—Defendant was convicted of the crime of rob-
bery, and from the judgment thereon, and an order denying
a new trial, he appeals.

The principal contention of appellant is that the evidence is insufficient to support the verdict. An examination of the record discloses that the robbery was perpetrated by two men answering the description of the defendant and his brother Jacob. That defendant and his brother were in the vicinity of the robbery when it occurred is unquestioned; that they had in their possession when arrested, or had sold between the date of the robbery and the arrest, many articles taken from Ellis, who was robbed, is established; the clothing worn by the robbers, the size and appearance of the men engaged in the robbery, so completely identifies the defendant with such robbery that the jury could not well have found otherwise.

We perceive no error in the admission of evidence with reference to the personal property of Ellis taken from him by the robbers and found in defendant's possession afterward, notwithstanding such property was not specified in the information. This evidence was admissible for the purposes of identification. No request was made at the trial for an order to limit the evidence to its legitimate purpose, and on appeal, in the absence of such request, defendant will not be heard to complain. (*People* v. *Findley,* 132 Cal. 306, [64 Pac. 472].) Notwithstanding the absence of such request, however, the court did, by an appropriate charge, instruct the jury that such testimony was received for the purpose of identification only. No abuse of discretion is apparent in permitting a leading question to the witness Beja, and his evidence was proper in rebuttal.

The instruction refused, and on account of which refusal defendant complains, was substantially given by the court in other instructions, and there was no error in such refusal.

The judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1906.