[Crim. No. 22. Second Appellate District.—May 7, 1906.]

## THE PEOPLE, Respondent, v. JACOB CASTILE, Appellant.

CRIMINAL LAW—ROBBERY—IDENTITY OF DEFENDANT—SUPPORT OF VERDICT.—Verdict of guilty of the crime of robbery committed by the defendant is supported by evidence that each material fact and circumstance in a chain of facts and circumstances clearly identified the defendant with the robbery charged.

ID.—EVIDENCE—POSSESSION OF STOLEN ARTICLES NOT PLEADED—IDENTIFICATION—INSTRUCTIONS LIMITING EVIDENCE.—Evidence showing defendant's possession of articles belonging to the person robbed, and taken from him at the time of the robbery, though not specified in the pleading, was admissible for the purpose of identifying the defendant with such robbery; and an instruction that such possession, though not proof of guilt, might be considered for the purposes of identification, properly limited the evidence to its legitimate purpose.

ID.—GENERAL CHARGE DEFINING CRIME—ABSENCE OF REQUEST.—Where the court in its charge defined the crime of robbery in the general terms of the statute, the defendant will be deemed to have been satisfied with the charge as given, in the absence of a request for a more particular charge, which it was his duty to ask, if deemed necessary for his protection.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Johnstone Jones. and H. H. Appel, for Appellant.

U. S. Webb, Attorney General, and J. C. Daly, Deputy Attorney General, for Respondent.

ALLEN, J.—The defendant was convicted of the crime of robbery, alleged to have been committed by him and his co-defendant, Silas Castile, upon one Morris Ellis. From the judgment and an order denying a new trial he appeals.

In this case, as in the case of Silas Castile (*People* v. *Castile,* ante, p. 487, [86 Pac. 745]), the contention of the appellant is that the judgment and order should be reversed on the

ground of the insufficiency of the evidence in support of the judgment. The chain of facts and circumstances relied upon to establish the identity of the person, each material fact and circumstance so relied upon, were so established from the evidence as to justify the verdict of the jury. The court did not err in admitting evidence over the objection of defendant with reference to certain looking-glasses, alarm clock and piece of buckskin found in possession of the defendant and which witnesses testified were taken from Ellis at the time of the robbery. This evidence was admissible for the purpose of identifying the defendant, and while they were not specified in the complaint as being articles so taken from him, evidence was properly received in relation thereto as tending to establish identification of the defendant with such robbery.

The court charged the jury properly, that if they found that such property was taken from Ellis, it could not find defendant guilty for the taking of such looking-glasses and clock, yet it might consider the taking of the same for the purposes of identification, if they believed from the evidence that said looking-glasses and clock were with the property mentioned in the information and taken from said Ellis, at the time and place alleged in the information. This instruction properly limited the evidence to the purpose for which it was legitimately received. The instruction tendered by the defendant and refused was given, in substance, by the court in another instruction, which was more favorable to defendant than the instruction so refused.

The charge of the court defining the crime was in the general terms of the statute. "If defendant deemed it essential to his protection to have them more particularly charged as to what would constitute the offense it was his duty to ask it. In the absence of such request the defendant will be deemed to have been satisfied with the charge as given, and the omission will not be held error." (*People* v. *Appleton,* 120 Cal. 252, [52 Pac. 582].)

We find no error in the record, and the judgment and order appealed from are affirmed.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1906.