JOHN PROVENS V. TERRITORY OF OKLAHOMA.

(Filed September 7. 1900.)

1. INSTRUCTIONS—Exceptions—Appeal. In the absence of an exception or a request for more specific instructions, it will be presumed that the defendant was satisfied with the general charge given by the court.

2. APPEAL—Technical Errors. On appeal to the supreme court technical errors or defects, and exceptions which do not effect the substantial rights of the accused, will be disregarded.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

P. O. *Cassidy* and *Ed. O. Cassidy* for plaintiff in error

P. C. *Simons, Attorney-General* and *Don C. Smith, Asst,* for defendant in error.

Opinion of the court by

HAINER, J..:    The appellant, John Provens, was prosecuted by the territory, on information, charging him with unlawfully fishing in the North Canadian River.    The cause was originally tried in the probate court, to a jury, and verdict returned finding the defendant guilty as charged in the information, and judgment rendered in accordance therewith.    The defendant appealed to the district court, the cause was, again tried to a jury, a verdict of guilty returned,

and the defendant fined in the sum of twenty-five dollars, and costs. From this judgment the defendant appeals.

The first error assigned is that the court misdirected the jury in regard to the presumption of innocence. It is claimed by counsel for appellant that the court should have instructed the jury on this question in the language of the statute, which provides as follows:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted."

On this branch of the case the trial court instructed the jury as follows:

"Gentlemen, in this case it is incumbent upon the territory to prove each and every material allegation as charged in the information. Nothing can be presumed or taken by implication against the defendant; and it is incumbent upon the territory to prove each material allegation of the information, and each fact necessary to constitute the guilt of the defendant, beyond a reasonable doubt."

We think this instruction was sufficient to satisfy the requirements of the statute. Be that as it may, it is a sufficient answer to the contention of counsel for appellant, that no objection or exceptions was taken to the charge of the court, and no additional instructions were offered.

The rule is well settled by the authorities, that in the absence of an exception or a request for more specific instructions, it will be presumed that the defendant was satisfied with the charge given by the court. *Douthitt v. The Territory,* 7 Okla. 55; *People v. Appleton,* (Cal.) 52 Pac. 582.

In *Drury v. The Territory*, 9 Okla. 398, Chief Justice Burford, speaking for the court, upon a record which failed to show any objections or exception to the instructions, uses the following language:

"The correctness of some of the instructions given by the court is questioned in the brief of counsel but we are unable to find in the record that the instructions were ever objected to or any exceptions taken to them in the trial court. Under such state of the record we must decline to review and pass upon them."

It is also contended that the court erred in the admission of testimony, and that the county attorney asked prejudical questions of the witnesses. We have examined the record referred to, and are clearly of the opinion that there is no merit in this contention. Nor, was there any error committed by the court in sustaining the objection to the following question propounded to Mr. Barto: "Q. Well in other' sales what quantities did you sell him?" In ruling on this question the court said: "The only purpose of this would be to affect his credibility; that is all." This is not a comment upon the evidence, and we are unable to perceive how it could be so construed.

Finally it is contended that the evidence is insufficient to warrant the conviction of the defendant. We have examined the record, and are clearly of the opinion that the evidence was sufficient to fully warrant the jury in finding the defendant guilty as charged in the information.

In our opinion, there is no merit in this appeal, and section 482 of the Criminal Code, Wilson's Annotated Statutes, 1903, which provides that: "On an appeal the court must

give judgment without regard to technical error or defects, or to exceptions which do not affect the substantial rights of the parties." is applicable to this case.

The judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; all of the other Justices concurring.