FRANK MARTIN v. THE TERRITORY OF OKLAHOMA.

(Filed February 15, 1907.)

1. INSTRUCTIONS—Sufficient, When. Where the instructions, though containing some objectional statements, taken together make it clear that the jury could not have been mislead, and when taken as a whole are favorable to the defendant, they will not be held prejudicial.

2. NEW TRIAL—Newly Discovered Evidence. New trials will not be granted upon the grounds of newly discovered evidence where the newly discovered evidence is merely cumulative or is for the purpose of impeachment. It must appear that if the newly discovered evidence had been introduced on the trial that there is a reasonable probability that a different result would have been reached.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before F. E. Gillette, Trial Judge.*

*Dyke Ballinger* and *A. J. Morris,* for plaintiff in error.

*W. O. Cromwell, Att'y Gen'l* and *Don C. Smith, Ass't* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error was convicted in the district court of Caddo county of the crime of assault with a dangerous weapon with intent to do bodily harm, and sentenced to serve one year in the penitentiary. Motion for new trial was overruled and the ruling excepted to, and the prisoner brings the case here on petition in error.

It appears from the record that the plaintiff in error, Martin, and the prosecuting witness, Cramer, had put up some hay on the shares on lands occupied by Cramer. On the day of the assault they became engaged in a controversy and finally an altercation, in the course of which Martin beat Cramer on the head with a revolver, causing serious wounds. Cramer admitted having a knife in his hands during the scuffle, but claims that he did not get it open. Martin claimed that Cramer struck at him with the knife and cut two or three gashes in his clothing and in a leather pistol scabbard which he was wearing upon his person. Martin admitted the beating and wounding, but claimed he acted in self defense. He was on the remains of a stack of hay at the time Cramer came to where he was working and ordered him to take no more of the hay. Whether or not Cramer first drew his knife and made an effort to cut Martin was a material question in the case and one upon which there was positive testimony both ways and of a very contradictory character.

The prisoner objected to each instruction given by the court and saved proper exceptions. The contention now is that under the instructions of the court the jury could not have acquitted the defendant on the grounds of self defense unless they found from the evidence beyond a reasonable doubt that he was justifiable. It is claimed that if there was a reasonable doubt arising upon all the evidence as to whether the defendant committed the assault in self defense, that he was entitled to an acquittal. There is no question under the law as frequently announced by this court, that one on trial for a crime is not required to make out his

defense to the satisfaction of the jury beyond a reasonable doubt; but if upon the whole evidence the jury entertained a reasonable doubt as to whether one charged with an assault acted in the lawful defense of his person, then he is entitled to an acquittal. It is not necessary to cite authorities in support of this principle.

The court instructed the jury in writing.    The 7th and 8th instructions the only ones relating to the question of self defense, are as follows:

"If you find from the evidence that at the time complained of the defendant and the prosecuting witness, Cramer were jointly interested in certain hay in the stack which was undivided as between them, that the defendant proceeded to take his share of the hay or the whole or any part thereof, the said prosecuting witness Cramer would not for such reason be justified in committing an assault on the defendant or in fact in committing any breach of the peace; and if you find from the evidence that the prosecuting witness Cramer made an assault on the defendant with a knife in such manner and under such circumstances as to induce in the mind of a reasonably prudent man a belief that he was in danger of suffering great bodily harm at his hands, then you are instructed that the defendant might lawfully defend himself against such assault and might use such force as was reasonably necessary to repel such assault and it would be justifiable."

"If you find from the evidence, beyond a reasonable doubt, that the defendant at the time and place stated in the indictment, made an assault on the prosecuting witness Cramer with a revolver, using the same as an instrument with which to commit bodily harm upon him, the said Cramer, and that such instrument was a dangerous weapon when used as the same was used by defendant, and was used

with intent to commit bodily harm, and such act was unjustifiable, then you should return your verdict finding the defendant guilty as charged in the indictment."

As an abstract proposition the seventh instruction correctly states the law, but inasmuch as it fails to inform the jury that if they entertain a reasonable doubt as to whether the defendant did the act in self defence, then he is entitled to an acquittal, it might be open to the objection that it is misleading were it not for what follows in the next instruction. In the eighth instruction the jury are told what elements of the charge must be established beyond a reasonable doubt to authorize a conviction, viz: First, that the defendant at the time and place stated in the indictment made an assault on Cramer with a revolver, using the same as an instrument to commit bodily harm upon him: Second, that such instrument was a dangerous weapon when used by the defendant: Third, that it was used with intent to commit bodily harm; Fourth, that such act was unjustifiable. We think this instruction, while it may be objectionable, was favorable to the accused and cures any defect in the preceding one. Under this instruction the jury are required to find beyond a reasonable doubt that the assault was unjustifiable before they could convict the accused. The jury could not find beyond a reasonable doubt that the assault by Martin was unjustifiable if they entertained a reasonable doubt as to whether such assault was justifiable. In another instruction the jury were told that the defendant was presumed to be innocent of the charge; and that every material element of the offense must be proved to the satisfaction of the jury beyond a reasonable doubt before a con-

viction could be had. Taking the whole charge together we think the prisoner in no position to complain of the law as given to the jury.

The only other contention made by counsel for plaintiff in error is that the trial court erred in not granting him a new trial on the ground of newly discovered evidence. Upon the trial of the cause the prisoner exhibited a leather pistol scabbard with two gashes cut in it, which he testified were cut by the prosecuting witness, at the time of the affray. The scabbard was introduced in evidence. On rebuttal the prosecution introduced two witnesses who testified that Martin exhibited the scabbard to them on the evening of the tragedy and that they only saw one of the cuts in it. Upon motion for a new trial the accused filed the affidavits of a number of persons who made oath that they had seen the pistol scabbard either the evening of the day of the difficulty or within a day or two afterwards, and that they each saw two cuts in it. The purpose of this evidence is to impeach the testimony of the two witnesses who testified for the territory on rebuttal, and to corroborate Martin in his testimony. The question was not a material one, but was purely collateral, and it is doubtful if the jury gave it any very great weight. This court has held that the granting of new trials on newly discovered testimony is largely within the discretion of the trial court, and is not to be exercised except when there is a reasonable probability that if the evidence had been introduced a different result would have been reached, and that courts will not ordinarily grant new trials upon the ground of newly discovered evidence where the evidence sought to be introduced is cumulative or

Twichell Co. v. First National Bank.

for mere purposes of impeachment.  *Douthitt v. Territory,*
7 Okla. 55; *Glenny v. Territory,* 15 Okla. 231; *Smiley, et al.,*
*v. Territory,* 15 Okla. 314.

We find no prejudicial error in the record, and the
judgment of the district court of Caddo county is affirmed,
at the costs of plaintiff in error, and the court is directed to
proceed to execute the judgment.

Gillette, J., who presided in the court below, not sit-
ting; all the other Justices concurring.