## ARTHUR DREW v. STATE.

No. A-858.    Opinion Filed November 11, 1911.

(118 Pac. 677.)

**NEW TRIAL—Appeal—Review—Discretion of Trial Court.** A motion for a new trial upon the ground of newly discovered evidence, made before judgment, or after the term at which the judgment was rendered and sentence pronounced, is addressed to the discretion of the trial court, and its ruling thereon will not be disturbed, except for an abuse of discretion; the presumption being that the discretion was properly exercised.

(Syllabus by the Court.)

*Appeal from Wagoner County Court; John H. King, Judge.*

Arthur Drew was convicted of larceny, and was sentenced to the penitentiary for three years. From an order denying a new trial, he appeals. Affirmed.

*Watts & Watts,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Arthur Drew, was, jointly with Pompey Drew and Butler Shannon, charged by information with the larceny of a cow, the property of one Mose Burkley. When the case was called for trial, the defendant Pompey Drew had not been apprehended, and the case was dismissed as to the defendant Butler Shannon.

The evidence on the part of the prosecution tends to prove the following facts: That Mose Burkley and the defendant were neighbors, living about two miles south of Tullahassee; that Burkley missed his red and white speckled cow, branded 5 and 8 on the right hip, about July 1, 1909. When looking for the cow, he met the defendant Arthur Drew, who told him that the cow had passed his house that day. Burkley went to a butcher shop at Porter, and found the hide of his cow there. The defendants Arthur Drew and Pompey Drew were seen leading a cow on the road to Porter on the night of July 1st.

The defendant Arthur Drew, testifying on his own behalf, stated:

"That on July 1st his brother, Pompey Drew, asked him to drive him out on the prairie near Porter; that Pompey had a gun, and·they drove to the slaughter pen near Porter; that Pompey ·got out and talked with a fellow, and they went and got a cow; that he did not know what kind of a cow they got; that they left at sundown for home; that he knew that Burkley had lost a cow; that on Saturday morning, the day after they were at the slaughter pen, Pompey gave him the check that he received for the cow; that the check was made payable to the defendant, and that he cashed the check, but did not know whether it was for that cow or some other cow; that Pompey gave him $5 of the money; that he cashed the check, because Pompey told him that he owed some money to some fellows in Porter, and if he went there and cashed the check they would take the money; that Pompey then left the country, and he did not know where he was."

The only assignment of error argued is, "The court erred in not granting a new trial on the ground of newly discovered evidence."

The judgment and sentence was entered on February 9, 1910. The motion for a new trial was made after the term at which he was convicted, and the judgment rendered and sentence pronounced.

The only ground in the motion for a new trial is newly discovered evidence, which he could not with reasonable diligence have discovered and produced at the trial. Attached thereto as exhibits are the affidavits of three persons, who state that on July 1, 1909, they met Pompey Drew going in the direction of the town of Porter, driving a red and white speckled cow, and that Arthur Drew was not with him. A motion for a new trial on the ground of newly discovered evidence, made before judgment, or after the term at which the defendant was convicted, is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed, except for an abuse of discretion; the presumption being·that ·the ·discretion was properly exercised. The motion here is·wholly without merit, and was

properly overruled. The improbable statement of the defendant that he did not know the check he received and cashed was in payment for the stolen cow, as might be supposed, was not credited by the jury or the court. Upon his own testimony, there can be no doubt that the defendant is guilty.

The judgment of the district court of Wagoner county is therefore affirmed, and the cause remanded, with direction to enforce its judgment therein.

FURMAN, P. J., and ARMSTRONG, J., concur.