## J. E. HILL v. STATE.

No. A—3398.    Opinion Filed April 10, 1920.

(188 Pac. 695.)

(Syllabus.)

**APPEAL AND ERROR**— Discretion of Trial Court—New Trial for Newly Discovered Evidence.    Motions for a new trial on the ground of newly discovered evidence are addressed to the discretion of the trial court and before the judgment of conviction will be reversed on the sole ground that the trial court erred in not granting a new trial because of newly discovered evidence a clear abuse of discretion must appear.

*Appeal from District Court, Muskogee County;*
*R. P. de Graffenreid, Judge.*

J. E. Hill was convicted of the crime of assault with intent to kill by shooting, and sentenced to serve a term of ten years in the state penitentiary, and he appeals. Judgment affirmed.

*W. L. McPherson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.    This is an appeal from the district court of Muskogee county, wherein the defendant, J. E. Hill, was convicted of the crime of assault with intent to kill one James L. Fore, by shooting him with a pistol, and sentenced to serve a term of ten years in the state penitentiary.

From said judgment of conviction defendant has perfected an appeal to this court by filing herein a petition in error with case-made attached, and relies for a reversal of this judgment upon one ground alone, to wit, that

the trial court erred in not granting the defendant a new trial because of newly discovered evidence.

The evidence in this case thoroughly convinces this court that the defendant was clearly proven guilty of an attempted cold-blooded assassination. Defendant and a confederate went to the home of James L. Fore in the city of Muskogee on the 4th day of September, 1917, between 8 and 8:30 in the evening, and called the prosecuting witness to the front door of his house, and without any cause or reason shot him twice with a pistol, inflicting upon his body certain wounds, one of which was in the neighborhood of the heart and would undoubtedly have proven fatal had it not struck a rib and deflected. The prosecuting witness was confined to his bed by reason of said injuries for a period of a month. Fore was a man 66 years of age at the time.

The defendant was positively identified by Fore as the man who did the shooting, and other witnesses who were in the neighborhood at the time identified him as one of the men who were seen running away from Mr. Fore's premises immediately after the shots were fired. A motorcycle policeman of the city of Muskogee happened to be on a corner about 250 feet distant from the scene of the crime at the time of its commission, and shortly started in pursuit of the defendant and his confederate, and, following them on his motorcycle some four or five blocks, overtook and arrested them, bringing them back to the scene of the shooting.

The defendant was seen to throw a pistol away at the time the motorcycle policeman overtook him, and on the next morning at daybreak the pistol was found at the place where the defendant was overtaken. The pistol

was introduced in evidence, and was of the same calibre as the bullet extracted from the body of the prosecuting witness, and had at the time of its discovery two empty discharged cartridges in it, and also some evidence of blood upon it.

The defendant took the witness stand in his own behalf and admitted that he was in the east side of Muskokee some two or three blocks from the scene of the commission of this crime about the time of its commission, but explained his presence in that neighborhood by testifying that he and his confederate had gone over to that part of town for the purpose of meeting a woman. Defendant failed to deny that he had a pistol upon his person on that evening, or that the pistol found at the place of his arrest was his pistol. Defendant also had a finger on his right hand abrased and bleeding.

Counsel for plaintiff in error admit that the evidence on the part of the state is amply sufficient, if believed by the jury, to sustain the verdict of guilty, and also admit that the trial appears from the record to have been well conducted by the trial court, and that, if there are any apparent errors in the record, no proper exceptions were taken to the same such as would authorize their review by this court.

The case was ably prosecuted and ably defended, and it is seldom that a record so free of error is presented to this court for review.

We have carefully considered the affidavits attached to the motion for a new trial relating to the question of newly discovered evidence, and this court is convinced that the trial court did not err in overruling the motion. Mo-

tions for a new trial on the ground of newly discovered evidence are addressed to the sound discretion of the trial court. *Howey v. State,* 9 Okla. Cr. 453, 132 Pac. 499; *Harper v. Sate,* 7 Okla. Cr. 581, 124 Pac. 1116; *Drew v. State,* 6 Okla. Cr. 348, 118 Pac. 677.

It has also been held by this court that due diligence must be shown in procuring testimony, and it is not enough to merely allege that the defendant used due diligence, but the facts constituting such diligence must be stated fully so as to enable the trial court to determine whether or not proper diligence has been exercised. *Harper v. State, supra; Johnson v. State,* 5 Okla. Cr. 1, 112 Pac. 760.

The affidavit of the defendant filed in support of the motion in this case does not allege any facts showing diligence in attempting to procure this testimony. It merely states a conclusion of the affiant that due diligence was used. This is not enough.

It is also apparent that the alleged newly discovered evidence would be to a certain extent cumulative, and the court is of the opinion that there is no abuse of discretion on the part of the trial court shown in overruling this motion for a new trial upon the ground of newly discovered evidence for the additional reason that there is no reasonable probability that another jury would arrive at a different conclusion than that the defendant is guilty as charged considering the alleged newly discovered evidence in connection with all the evidence introduced at this trial. It is well established that the newly discovered evidence must not only be material to the issues presented, but must also be such as would lead the court to the conclusion that upon a new trial a different verdict would result. *Asher v. Terr.,* 7 Okla. 185, 54 Pac. 445; *Howey v. State,*

*supra; Martin v. Terr.,* 18 Okla. 370, 90 Pac. 13; *Douthitt v. Terr.,* 7 Okla. 55, 54 Pac. 312.

For the reasons stated, the conclusion is reached that the defendant had a fair and impartial trial according to the forms of law, and that the judgment should be affirmed.

It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.