## JOE McKINNEY v. STATE.

No. A-3304—Opinion Filed April 23, 1921.

(196 Pac. 974.)

(Syllabus.)

**APPEAL AND ERROR—Discretionary Rulings—New Trial.** A motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed, except for an abuse of this discretion; the presumption being that the discretion was properly exercised.

*Appeal from District Court, McCurtain County;·*

*C. E. Dudley, Judge.*

Joe McKinney was convicted of larceny of domestic animals, and he appeals. Affirmed.

*McPherren & Cochran,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, Joe McKinney, was tried, convicted, and in pursuance of the verdict of the jury was sentenced to serve a term of two years' imprisonment in the penitentiary. From the judgment he appeals.

The only assignment of error presented is that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. ·

The information charged the theft of one red cow and one red heifer, both branded "D.S." on right hip, marked crop off left ear; the same being the personal property of Louisa Anderson, who as a witness for the state testified

that she was the owner of the cow and heifer alleged to have been stolen, and that the same was taken against her consent.

The witness Baker testified that he bought the cattle described from Joe McKinney, in Broken Bow, and paid him $16 for the cow and $11 for the heifer.

Jimmie Anderson, son of Louisa Anderson, testified that after the cattle were missed Joe McKinney told him that he sold the cattle to Mr. Baker, because he wanted to get money to buy whisky and said he would pay Louisa.

Cross-examined, he stated that Wycy Thompson was his neice and lived with his mother and they all moved to Smithville and Wycy died a short time afterwards.

C. H. Ward testified:

"I know Louisa Anderson, and I saw a red cow of hers, branded 'D. S.,' and a heifer branded the same way, in Mr. Baker's lot. I recognized them as being Louisa Anderson's cattle. I had often seen them near Louisa Anderson's home."

As a witness in his own behalf, the defendant testified:

"I live in Broken Bow. I was raised with Jimmie Anderson. Wycy Thompson lived with the Andersons. I met her in Broken Bow and bought a cow and a heifer from her. I went out to Jimmie Anderson's. Nobody was there, and I found the cow and heifer about a mile from the house, and I drove them to Broken Bow and sold them to Baker the next day."

The newly discovered evidence as set out in the affidavit of the defendant is to the effect that Jerry and Esias Hleotambi would testify that the animals described were raised

on the farm of Jerry, and that the mother of the cow and grandmother of the heifer was given to Wycy Thompson by Louis Anderson, husband of Louisa and grandfather of Wycy Thompson; that defendant made diligent search for witnesses as to the ownership of the cow and heifer among the friends and relatives of Wycy Thompson, and all stated they had no knowledge as to such ownership and defendant had no knowledge that the witnesses whose affidavits are hereto attached knew of any fact material to his defense until Frank Baker advised one of his attorneys, after the verdict had been returned, that said witnesses would so testify.

The newly discovered evidence set out in the affidavits of Jerry and Esias Hleotambi is to the effect as stated in the defendant's affidavit.

A motion for new trial upon the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed, except for an abuse of discretion; the presumption being that the discretion was properly exercised. *Harper v. State,* 7 Okla. Cr. 581, 124 Pac. 111ь; *Drew v. State,* 6 Okla. Cr. 348, 118 Pac. 677.

We think it is apparent that the defendant's affidavit and the affidavits attached thereto presented no facts which in the exercise of the sound discretion of the trial court would have required the granting of a new trial on the ground of newly discovered evidence.

We also think that the alleged newly discovered evidence should be disregarded on the ground that due diligence was not shown in procuring it.

The judgment of the district court of McCurtain

county is therefore affirmed, and the cause remanded, with direction to enforce its judgment therein.

MATSON and BESSEY, JJ., concur.