## HARVEY WHITE v. STATE.

No. A-7345.    Opinion Filed Oct. 11, 1930.
(292 Pac. 371.)

378

J. Hugh Nolen and S. A. Horton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of larceny of a cow, and sentenced to a term of two years in the state penitentiary.   Motion for new trial was filed, considered, overruled, and the defendant excepted, and the case is appealed to this court.

The testimony, in substance, on behalf of the state, is that Hessie Pollard was the owner of a red mulley cow that he purchased from Clifford Dean, in March, 1926; Pollard was using the cow as a milch cow and milked her the morning of March 26, 1926, and the night of March 26th she was taken from the Pollard place; on Saturday morning Pollard made a thorough search for the cow, and on Monday learned the cow had been seen in Paden, Okla., on Saturday.

Clifford Dean, who saw the cow in Paden, testified that on March 26, 1926, he saw the cow he sold Pollard the previous December being driven on the streets of Paden by a son of Claud Littrell; he was positive the cow that Littrell was driving was the cow he had sold Pollard.

Claud Littrell testified that the red mulley cow was left in his lot Friday night, March 26, 1926, and the testimony shows that the cow was left in the lot by Harvey White. Littrell also testified he told White he could not use the cow, but that M. C. Howard, who was a trader in cattle, might use her.

M. C. Howard stated he bought the cow from Harvey White and paid him $22.50 for it; that on the following Monday morning he shipped the cow with a carload of other stock to the Oklahoma City market.

Jerry Littrell, son of Claud Littrell, stated he drove the cow from his father's lot and placed her in Howard's lot late Saturday afternoon, March 27, 1926.

Hessie Pollard testified he did not sell the cow or give any one permission to take her from his premises; that she was taken without his knowledge or consent.

The defendant in his testimony admitted putting a cow in the lot of Claud Littrell about the time the Pollard cow was lost, but says he purchased the cow from John Mills, who at the date of the trial was dead. The defendant also admitted in his testimony he drove the cow six miles from Boley to Paden after dark; that he did not go the road nearest to the Pollard home, which is between Boley and Paden. There was some testimony tending to show that immediately after the cow was missed the defendant left and was gone for some time. The defendant explained his absence by saying he was having trouble with his wife and left to get away from the trouble. There was also testimony on behalf of the state tending to show that the defendant had talked with the prosecuting witness trying to settle for the cow and stop the prosecution. This was denied by the defendant.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. In his brief the defendant contends, first, that there was no reasonable identification of the cow which was alleged to have been taken from the prosecuting witness Pollard, and that the evidence is not sufficient to warrant a conviction on a charge of the larceny of a cow. The testimony of the state as to the identification of the cow that was seen on the streets of Paden on Saturday after the Pollard cow is alleged to have been taken on Friday night is positive. The witness Dean, who testified to selling the cow to Pollard, stated he saw the Littrell boy driving the cow he sold to Pollard on the streets of Paden; this cow was finally sold to M. C. Howard, who says he shipped this cow, together with others, the following Monday to the market in Oklahoma City.

It is true the defendant denies any knowledge of the taking of the Pollard cow. There is a conflict in the testimony which was a question for the jury to decide, and the jury decided that question in favor of the state. The jury saw the witnesses and heard the testimony. They were in a position to determine who was telling the truth. Where there is a conflict in the evidence, this court will not disturb the verdict of the jury if there is any competent evidence to support it. The evidence is sufficient to sustain the verdict.

The defendant next contends that the court failed to properly instruct the jury on the question of the possession of recently stolen property, and claims that he should have gone further than he did and advised the jury that the finding of recently stolen property in the possession of the accused is not alone sufficient to sustain the conviction of larceny, but amounts merely to an inference, and must be supported by other independent evidence of

guilt. From an examination of the record, we fail to find any objection or exception to the instructions of the court as given, and the record fails to disclose any special instructions requested by the defendant. Where no exceptions are taken to the instructions of the trial court, there is nothing for this court to consider. If the defendant desired special instructions upon any issue involved in the case, he should have submitted the same to the court and requested the court to give them; failing to submit the special instructions, and failing to except to the instructions as given by the court, the defendant cannot be heard for the first time to complain of the instructions given by the court, or the failure of the court to give instructions upon the issue involved in the trial.

It is next contended by the defendant that the trial court erred in overruling his motion for a new trial on the ground of newly discovered evidence. This assignment of error relates to the alleged error of the court in not permitting the defendant to have a new trial in order to procure the testmony of Mrs. John Mills, the widow of the man from whom the defendant contends he purchased the cow he sold to M. C. Howard in March, 1926. Motions for a new trial on the ground of newly discovered evidence rest largely in the discretion of the trial court, and its ruling thereon will not be disturbed except for an abuse of this discretion; the presumption being that the discretion was properly exercised. Stilwell v. State, 18 Okla. Cr. 10, 192 Pac. 253; McKinney v. State, 18 Okla. Cr. 562, 196 Pac. 974.

It is not error for the court to overrule a motion for a new trial where it is apparent to the court that no proper diligence was shown to secure the attendance of the witness at the trial. In this case the defendant must have known that his defense would be that he bought

this cow from John Mills, deceased, and if, as stated in his affidavit for continuance, the wife of John Mills was present at the time he purchased the cow, he must have known that fact, and could have with due diligence located the family and found where the widow of the deceased, John Mills, was living and had a subpoena issued and brought her into court. The record does not disclose the exercise of proper diligence to secure the evidence alleged to be newly discovered evidence, and it was not an abuse of discretion on the part of the trial court to overrule the motion. Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311; Carr v. State, 22 Okla. Cr. 371, 211 Pac. 423.

There are other errors assigned, but they do not possess sufficient merit to warrant a reversal of the case. After an examination of the entire record in this case, we hold that the defendant was accorded a fair and impartial trial; that the court substantially and correctly instructed the jury as to the law applicable to the facts in this case. There are no errors in the record prejudicing the rights of the defendant.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.