C. W. JOHNSON v. THE STATE OF MISSISSIPPI.

CRIMINAL LAW : GRAND JURY NEED NOT BE SUMMONED FIVE DAYS BEFORE THE
FIRST DAY OF COURT.—That provision of the local Act of 1854, made general
in 1856, which enacts that grand jurors " shall be summoned at least five days
before the first day of the court" at which their attendance is required, is
merely directory to the sheriff, and for the convenience of the jurors, and not
essential to be observed in order to constitute a legal grand jury.

IN error from the Circuit Court of Tippah county. Hon. P. T.
Scruggs, judge.

*John F. Cushman,* for plaintiff in error,
Cited, pamphlet Acts of 1854, p. 468; Hutch. Dig. p. 887, § 5;
*McQuillen* v. *The State,* 8 S. & M. 587 ; *Rawle* v. *The State,* Ib.
599 ; *Stokes* v. *The State,* 24 Miss. R. 621.

*T. J. Wharton,* attorney-general, for the State,
Cited, *Weeks* v. *The State,* 31 Miss. R. 490.

HANDY, J., delivered the opinion of the court.

This was an indictment in the Circuit Court of Tippah county for
selling spirituous liquors without license and in violation of law.
The defendant pleaded in abatement, that one of the members of
the grand jury which found the indictment was not summoned at
least five days before the first day of the term, at which the indict-
ment was found ; and that said grand juror was not summoned and
empanelled, to supply the place of any one of the grand jurors,
who had been summoned and had failed to attend, &c.

To this plea a general demurrer was filed in behalf of the State,
which was overruled, whereupon the court allowed the State to file
a replication traversing the plea ; and upon the trial the verdict
was for the State.

It is now insisted, that the judgment should be reversed on two
grounds : 1st, because, upon the demurrer to the plea overruled, the
defendant was entitled to judgment upon the plea ; and, 2d, because
upon the trial, the court excluded from the jury the testimony offered,

to show that the juror in question had not been summoned five days before the first day of the term, at which the indictment was filed, the testimony offered, tending to contradict the sheriff's return as to the summoning of the juror.

Upon the first point, it appears that after the judgment upon the demurrer, no motion was made for a judgment of discharge of the defendant, nor was any objection taken to the filing of the replication; but the defendant took issue upon it, and went to trial. If this would not be a waiver of his right, upon the demurrer, it would be a good reason, why he should not have judgment here, upon the demurrer, if it was manifestly well taken, and should have been sustained.

We think it clear that the plea was insufficient, and that the demurrer should have been sustained. The provision of the statute requiring that grand jurors should " be summoned at least five days before the first day of the court," to which they may be summoned, is manifestly merely directory to the sheriff, and for the convenience of jurors, that they may have sufficient notice of the service required of them. And though it might be true, that a juror could not be compelled to attend unless so summoned, yet if he thinks proper to attend and serve without such notice, it constitutes no objection to the regular organization of the grand jury. The time of summoning the jurors, except so far as their own convenience is concerned, is quite an immaterial thing, which could in no wise affect their official acts.

This view of the case disposes of the second objection, and renders the evidence offered by the defendant immaterial.

Let the judgment be affirmed.