Stone *v.* The State.

*J. M. Allen* and *W. Mack,* for appellants.

———————•———————

STONE *v.* The STATE.

NEW TRIAL.—*Motion.*—*Instructions to Jury.*—The statement as a cause in a motion for a new trial in a criminal action, that the court misdirected the jury in a material matter of law (the attention of the court not being directed to the objectionable instruction, and no exception being taken to the instructions, the charge to the jury consisting of several distinct propositions), is too vague and uncertain to raise any question.

APPEAL from the Warrick Circuit Court.

OSBORN, C. J.—The appellant was indicted for an assault and battery with attempt to commit a rape. He pleaded not guilty, was tried by a jury, found not guilty of the attempt to commit a rape, and guilty of the assault and battery, and the jury assessed his fine at seven hundred dollars, and over a motion for a new trial, judgment was rendered against him on the verdict.

The reasons for a new trial stated in the motion are:

The said verdict is contrary to law.

The said verdict is not supported by sufficient evidence.

The fine is excessive.

The court misdirected the jury in a material matter of law.

The error assigned is, that the court erred in overruling the appellant's motion for a new trial.

The appellant makes but one point for the reversal of the

cause, and that is an alleged erroneous charge to the jury. There was no exception to the charge, and we cannot review it. If a defendant in a criminal case wishes to have a question reviewed in this court, he must except to the ruling of the court below at the time of the decision. *Hornberger* v. *The State*, 5 Ind. 300; *Wheeler* v. *The State*, 8 Ind. 113; *Leyner* v. *The State*, 8 Ind. 490.

The reason assigned, that the court misdirected the jury in a material matter, without in some manner directing the attention of the court to the objectionable charge, where no exceptions had been taken to the instructions, was too vague and uncertain to raise any question. The charge of the court consisted of several distinct propositions. The motion did not include the whole charge.

We have, however, considered the instruction complained of, in connection with the evidence and the second reason for a new trial, that the verdict was not supported by sufficient evidence, for the purpose of determining whether it operated to the prejudice of the appellant with the jury, and we are satisfied that it did not. We think the case was fairly presented to the jury, and that their verdict was fully sustained by the evidence. Nor do we think the fine excessive. The counsel for the appellant say: " No harm was done her, yet the defendant, by the action of the jury, was fined in a large sum of money. The result of the trial seems to indicate considerable feeling against the defendant." The testimony of the girl upon whom the assault was committed, if believed, was calculated to excite, not only a considerable feeling, but a good deal of indignation against him. Judging from the verdict, the jury did believe her. Under pretence of taking her to a dance, she had been taken to a house from which the family were temporarily absent, and there, he and his co-defendant, by threats and persuasions, had endeavored to persuade her to yield to their embraces and gratify their lusts, and when they committed the assault she cried and screamed until they desisted. A neighbor who found her in the house with them heard her

crying and declaring that she would not stay there, when he was seventy or eighty yards from the house. To this neighbor the appellant stated what his purpose had been, and that he had been mistaken about the character of the girl. The experiment, it is true, is an expensive one, but it may be useful to the appellant. With the evidence before us, we cannot say that the fine is excessive.

The judgment of the Warrick Circuit Court is affirmed, with costs.

C. *Denby* and *I. S. Moore*, for appellant.

*J. C. Denny* Attorney General, and *A. L. Robinson*, for the State.