Adams *et al. v.* Holmes.

---

## ADAMS ET AL. *v.* HOLMES.

PRACTICE.—*Motion for New Trial.—Instructions.*—A motion for a new trial for alleged error in giving or refusing instructions must point out and identify the instructions given or refused.

SAME.—*Interrogatories to Jury.*—It is not error to refuse to submit interrogatories to a jury, when not asked in the form prescribed by statute, sec. 335, 2 G. & H. 205.

From the Jackson Circuit Court.

*F. M. Finch, J. A. Finch,* and *A. P. Charles,* for appellants.
*W. K. Marshall,* for appellee.

DOWNEY, J.—Action by the appellee against the appellants,

to foreclose a mortgage executed by them to secure certain notes made by said Adams.    Answer:

1. A general denial.

2. Fraud in obtaining the notes.

3. Failure of consideration.

A demurrer filed by the plaintiff to the second and third paragraphs was sustained, and leave was given to amend the answer.    When the amended answer was filed, it consisted of two paragraphs, numbered one and two.    A demurrer was filed to each of the paragraphs of the amended answer, and, without awaiting any action of the court upon the demurrer, so far as the record shows, the defendant filed another amended answer.    This last answer also contained two paragraphs. Each of these paragraphs relied upon the defence of fraud in obtaining the notes, etc., alleging that they were given as a part of the price of certain real estate, and averring fraudulent representations as to the quantity and quality of the land, and the improvements thereon.    There was a reply in denial of each paragraph of the answer.

The issues were tried by a jury, and there was a verdict for the plaintiff.    A motion by the defendant for a new trial was overruled, and final judgment was rendered on the verdict.

As well as we can ascertain from the record, this took place on the 7th day of April, 1873, and sixty days were then given in which to file a bill of exceptions.    The bill of exceptions, which appears in the record, was filed July 8th, 1873, which was not within the time allowed.

The only error properly assigned is the overruling of the motion for a new trial.

The first reason for a new trial was, that the verdict was contrary to law.    Nothing is urged under this head.

The second reason was, that the verdict was contrary to the evidence.

As the bill of exceptions is not properly in the record, the question is not before us.

The third reason was the refusal of the court to permit the defendant to open and close the evidence and argument.

There is no bill of exceptions showing this point. If there was, the case of *Fetters* v. *The Muncie National Bank*, 34 Ind. 251, is in point against the appellant.

The fourth reason was, because the court refused to give instructions asked by the defendant.

The fifth reason was, "because the court erred in giving improper instructions to the jury."

The sixth was, "because the court erred in refusing to order the jury to answer interrogatories which had been made to them and commented upon to the knowledge of the court."

The instructions refused and those given, to which objection is made, should have been more particularly pointed out and identified in the motion for a new trial. *Holding* v. *Smith*, 42. Ind. 536; *Stone* v. *The State*, 42 Ind. 418; *Reeves* v. *Plough*, 41 Ind. 204. There are many other cases.

As to the interrogatories which the court was requested to submit to the jury, it is enough to say that they were not asked in proper form. The law is, that, if desired, the court shall instruct the jury, if they find a general verdict, to find specially upon particular questions of fact. 2 G. & H. 205, sec. 335. The interrogatories were not asked in this form, and hence, if there was no other objection, this one is sufficient. *The Board of Commissioners, etc.*, v. *Kromer*, 8 Ind. 446; *Bird* v. *Lanius*, 7 Ind. 615.

The judgment is affirmed, with three per cent. damages and costs.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.