## J. P. PRICE v. TERRITORY.

No. 2117.  Okla.  T.   Opinion Filed January 11, 1909.

(99 Pac. 157.)

1.   INSTRUCTIONS—Appeal—Waiver of Objections. In a criminal case (other than a capital case), in the absence of any request by the accused for specific instruction, it will be held that the accused was satisfied with the instructions as given.

2.   SAME. When the accused complains that the trial court erroneously instructed the jury, but such instructions were not excepted to by him at the time and the exceptions properly saved in the record, such error, unless of a fundamental character, will be treated as waived by the accused, and exceptions to such instructions will not be considered for the first time in this court.

3.   CRIMINAL LAW—Appeal—Review—Rulings on Evidence. In all cases except capital offenses, this court will not review the action of the trial court in admitting or rejecting evidence over the objection and exception of the accused, unless such objection and exception appear of record in the proceedings of the trial court.

4.   GRAND JURY—Challenge to Panel—Selection During Term. It is not error for the trial court to overrule a challenge to the entire panel of the grand jury because the grand jury was selected after the commencement of the term of the district court at which the indictment complained of was returned, instead of before the commencement of such term, as provided by an act of Congress approved February 9, 1906 (Act Feb. 9, 1906, c. 155, 34 Stat. 11), entitled "an act to provide for the selection of grand and petit jurors for the district courts in the territory of Oklahoma"; the provisions of said act as to the time of the selection of the grand jury being directory only.
(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

J. P. Price was convicted of shooting with intent to kill, and brings error.  Affirmed.

On the 17th day of March, 1906, the grand jury of Pottawatomie county, Okla., returned an indictment against the accused, J. P. Price, charging him with the crime of shooting with intent to kill.  On the 22d day of March, of the same year, the defendant was arraigned, and entered a plea of not guilty to said indictment, and on said last-named date the cause was set for trial on the 26th day of March, 1906, and was then continued to

March 27, 1906. On March 27, 1906, the cause was tried in said court, and resulted in a verdict of guilty as charged in the indictment. The accused in due time filed his motion for a new trial, which was by the court overruled, to which the accused duly excepted; and thereupon the accused was sentenced to serve a term of 18 months in the territorial penitentiary. Time was given the accused to make and serve a case-made on appeal to the Supreme Court. A challenge to the panel of the grand · jury was interposed by the accused, and was submitted to the court below on an alleged agreed statement of facts in open· court, and overruled, to which ruling the accused excepted. Briefs are filed by both sides.

*L. G. Pitman,,* for plaintiff in error.—On question of challenge to panel of grand jury: Act of Congress Feb. 9, 1906, c. 155, 34 Stat. 11; *Sharp v. U. S.,* 138 Fed. 878.

*W. C. Reeves,* Asst. Atty. Gen., for the Territory.—On same question: Sutherland's Statutory construction, § 612, p. 1117; *Marion v. Territory ex rel.,* 1 Okla. 210; *Kenedy v. Oregon Short Line R. Co.,* 18 Utah, 325; *Merchant v. Langworthy,* 6 Hill (N. Y.) 646; *Pond v. Negus,* 3 Mass. 230; *People v. Allen,* 6 Wend. 486; *Reeves v. State,* 29 Fla., 529; *Burlingame v. Burlingame,* 18 Wis. 300; *Thomas v. People,* 39 Mich, 311; *State v. Smith,* 67 Me. 332; *People v. Wallace,* 101 Cal. 281; *Missouri v. Pitts,* 58 Mo. 556; *Colt v. Ives,* 12 Conn. 243.

BAKER, JUDGE (after stating the facts as above). The petition in error in this case complains of the following errors:

(1) The court erred in overruling the motion of accused for a new trial.

(2) The court erred in overruling the motion of the accused in arrest of judgment.

(3) The court erred in giving erroneous and misleading instructions to the jury which were duly. excepted to by the accused.

(4) The court erred in overruling the demurrer to the indictment.

(5)   The court erred in not sustaining the motion of accused to set aside the indictment upon which the accused was tried.

(6)   The court erred in admitting evidence on the part of the territory which was incompetent and irrelevant and prejudicial to the rights of the accused.

(7)   The court erred in refusing and ruling out competent and legal evidence offered by the accused.

(8)   The court erred in misdirecting the jury on questions of law.

(9)   The court erred in ruling on questions of evidence at the time of the trial.

(10)   The court erred in overruling the challenge to the entire panel of the grand jury.

Taking the errors assigned in order made in the brief of the accused, we have first the error complained of arising upon the alleged challenge to the panel of the grand jury, and the overruling thereof by the court below.   A carful examination of the record fails to disclose such challenge in the case at bar.   The record at page 10 shows that one of the counsel of the accused in behalf of nine prisoners then in custody, or under recognizance in Pottawatomie county, charged with crime, who were all specifically named in a challenge to the panel of the grand jury; but the name of the accused in this case is not included, and therefore, so far as the court below is concerned, no challenge was then made by the accused in this case, and no exception is saved in favor of the accused, and no benefit therefrom can accrue to the accused, unless the challenge to the panel of the grand jury, as made in this record, raises a jurisdictional question, and as such the accused could legally raise such question for the first time in this court, resolving all the doubt as to the correctness of such practice in favor of the accused, and giving him the full benefit of the record, and the possible legal advantages that the accused might gain therefrom.   We will, for the purpose of this case, consider that the accused makes his challenge to the panel of the

grand jury, based upon the facts as disclosed by the agreed state-
ment of facts found on page 10 of the record, in which it is admit-
ted that the grand jury, for the term of the district court in
said county, at the time the accused was tried, was not selected
before said term of court commenced, as required by the act
of Congress approved February 9, 1906, entitled "An act to
provide for the selection of grand and pettit jurors for the district
courts of the territory of Oklahoma." Act Feb. 9, 1906, c
155, 34 Stat. 11.

It is admitted by counsel for the accused that the provisions
of said act were all properly complied with except as to time;
that all the things necessary to be done under and by the terms
and provisions of said act were in fact done, but that said things
were done after the term of court at which the indictment was
returned against the accused, instead of before such term com-
menced, as provided by said act. The accused urges that the
provisions of the act in question, as to the time the steps should
be taken and things should be done in selecting and impaneling
the grand jury, are mandatory, and that a violation thereof is
prejudicial error, and entitles him to a new trial. If said pro-
vision is mandatory, then the accused should be given a new trial.
We have carefully read all the authorities cited on both sides,
and such additional authorities as we were able to find after
a careful search. The best and most convincing authorities
upon this proposition hold said provision directory only.

We call counsel's attention to the following authorities:

Sutherland's Statutory Construction, § 612, p. 1117, reads:

"Provisions regulating the duties of public officers and
specifying the time for their performance are in that regard
generally directory. Though a statute directs a thing to be done
at a particular time, it does not necessarily follow that it may not
be done afterwards. In other words, as the cases universally
hold, a statute specifying a time within which a public officer
is to perform an official act regarding the rights and duties of
others is directory, unless the nature of the act to be performed,
or the phraseology of the statute, is such that the designation
of time must be considered as a limitation of power of the officer.

* * * The time of summoning jurors, except so far as their own convenience is concerned, is quite an immaterial thing, which could in no wise affect their official acts. And so of other departures from the letter of statutes relating to obtaining jurors"—And numerous cases cited by this author.

In the case of the *State of Missouri, Respondent, v. Thomas Pitts,* found in 58 Mo. 556, the accused sought to take advantage of an irregularity in the impaneling of the jury, contending that under Sess. Laws 1873, p. 46, the county court is required to summon the regular panel of jurors 30 days before the term of the circuit court, and that the jury which found him guilty was not in fact summoned 30 days prior to the term of the court at which he was convicted, and urged that , by reason of such irregularity, he had not had an impartial trial, and that there was prejudicial error in the court not sustaining his motion to have the jury impaneled from the regular panel of jurors. Judge Sherwood, delivering the opinion of the court in said case, says:

"There was no error in overruling the motion of defendant to have the jury impaneled from the regular panel of jurors. * * * And it was a matter of no moment that the regular panel for the term was not selected by the county court at least 30 days prior to the commencement of the term at which the prisoner was tried in accordance with the above mentioned act. That act can only be regarded as merely directory. To rule that it is mandatory would be to hold that, if by any accident the county court should not meet and select jurors in the time and manner provided by the act, the wheels of justice would have to stand still, and the circuit court be prevented from transacting its duties respecting crimes and criminals simply because the county court failed to discharge its duty. No such ruling will be made."

In the case of *State v. Smith,* 67 Me. 328 (a murder case), we find that in the state of Maine at the time of the trial of said case the provisions of Rev. St. 1871, tit. 9, c. 106, § 8, required that the venire for grand jurors to serve at the Supreme Judicial Court should be issued 40 days at least, before the second Monday in September, annually. The accused in this case sought to take advantage of the fact that the jury had not been so se-

lected, and raised the question of the sufficiency and regularity of the grand jury by whom the indictment was found; and on the first day of the term interposed a challenge to the array, and, after the indictment was found and returned into court, he presented a plea in abatement, which was demurred to, and the demurrer sustained; the court holding that the provision regarding the time for the selecting of the jury was merely directory and not mandatory, and supporting the case of *Pond v. Negus,* 3 Mass. 230, 3 Am. Dec . 131, and *People v. Allen,* 6 Wend. (N. Y.) 486, which we hereafter cite.

In *People v. Allen,* 6 Wend. (N. Y.) 486, the court, by Judge Marcy, says:

"The statute, specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, is directory merely unless the nature of the act to be performed or the phraseology of the statute is such that the designation of time must be considered as a limitation of the power of the officer; and it was accordingly held that a brigade order constituting a court martial issued in July, when, by the militia law under which the proceeding was held, it was made the duty of the commandant of the brigade to issue such order on or before the first day of June in every year, was valid."

In the case of *Reeves v. State of Florida,* 29 Fla. 527, 10 South. 901, the statute of Florida (section 1, c. 3125, p. 65, Laws 1879) was discussed. The state of Florida at the time of the trial of the above-entitled case had a statute known as above stated, providing a time for the board of county commissioners to select from the registered voters of their respective counties a jury list of persons properly qualified to serve as jurors. Judge Mabry, in handing down the opinion of the court in said case, says that said statute was merely directory, and a failure to comply therewith was not prejudicial to the rights of the defendant, and held the panel to be in all respects regular.

The same doctrine is laid down in the case of *Margurite Kennedy et al., Respondents v. Oregon Short Line Railway Co.,* 18 Utah, 325, 54 Pac. 988, and cases therein cited. This case also approves *People v. Allen, supra,* and *Missouri v. Pitts,*

*supra,* and cites many well considered cases in support of its decision.

The same doctrine is held in the case of *Colt v. Eves,* 12 Conn. 243, and *Thomas v. People,* 39 Mich. 311.

A very strong case is found in *Johnson v. State of Mississippi,* 33 Miss. 363, in which the court holds:

"That provision of the local act of 1854 (Laws 1854, p. 468, c. 341), made general in 1856, which enacts that grand jurors 'shall be summoned at least five days before the first day of the court' at which their attendance is required, is merely directory to the sheriff, and for the convenience of the jurors, and not essential to be observed in order to constitute a legal grand jury."

In the case of *Huntley v. Territory of Oklahoma,* 7 Okla. 60, 54 Pac. 314, our own Supreme Court has well held:

"In general the provisions of a statute in regard to the mode of obtaining juries are directory, and a substantial compliance with the requirements of the law is sufficient. The Supreme Court will not reverse the ruling of a district court overruling a challenge to the array upon objections to the manner in which the list of persons from which the panel was selected was made up when such objections are purely technical, and do not affect the substantial rights of the parties."

Thompson on Trials, c. 2; *Burlingame v. Burlingame,* 18 Wis. 300; *Merchant v Langworthy,* 6 Hill (N. Y.) 646.

The accused in support of his contention cites the case of *Sharp v. United States,* 138 Fed. 878, 71 C. C. A. 258, and relies thereon. We do not think the *Sharp Case* is analogous to the case at bar, for the reason that the decision in said case is based upon irregularities growing out of the drawing and impaneling of the jury under the provisions of Wilson's Rev. & Ann. St. 1903, c. 46. This court decided this question in the case of *S. C. Cavett v. Territory of Oklahoma* (at the last term of the court) *ante,* p. 493, 98 Pac. 890.

The challenge of the accused to the entire panel is not well taken, for the further reason that it nowhere appears in the record that any material or substantial right of the accused was

affected. No claim is made that any person was selected and served on said grand jury who was not in all respects competent and qualified to serve as a grand juror.

Section 482, Code Cr. Proc. (section 5618, Wilson's Rev. & Ann. St. 1903), reads as follows:

"(5618) Sec. 482. On an appeal the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

In view of this section, although we might be of the opinion that there was technical error in the action of the trial court in overruling the challenge to the entire panel of the grand jury, yet, unless we find and could say that the substantial rights of the accused were injuriously affected, we should not disturb the verdict. The court did not err in overruling the challenge to the panel.

The second proposition relied on by the accused for a new trial is the alleged insufficiency of the evidence. Notwithstanding the accused failed to properly preserve this question in the record, we have read every word of the testimony, and find it clearly and fully sustains the verdict.

Coming now to the last error complained of in the brief of the accused, which is directed to that part of the charge of the court which reads as follows: "And in this connection you are instructed that if you find by the degree of evidence stated in this instruction that the defendant unlawfully, willfully, and feloniously shot at the said Annie Price with the intent to kill her, as set forth and charged in the indictment, then it will be your duty to find the defendant guilty. Should you entertain a reasonable doubt of this charge, you should return a verdict of not guilty"—we find the record fails to disclose that the accused objected to the charge as given, or offered any instruction whatever for the consideration of the court to be given in this case. It is a well-settled rule of law that, in the absence of objection and exception to instructions given by the court, the accused (except in capital cases) is presumed to be satisfied with the

charge as given, and waives his right to have the appellate court consider any objection he may afterwards find to the charge as given.

This question is well settled by our own Supreme Court in the case of *Thomas Douthitt et al. v. Territory of Oklahoma,* 7 Okla., 55, 54 Pac. 312. First syllabus:

"In a criminal case, in the absence of any request by the defendant for specific instructions, it will be held that the defendant was satisfied with the instructions as given."

Also in the case of *William Huff v. Territory of Oklahoma,* 15 Okla., 376, 85 Pac. 241. Second syllabus:

"Where erroneous rulings and decisions of the trial judge are not excepted to at the time and exceptions properly saved, such errors will be treated as waived by the party affected, and objections will not be considered for the first time in this court."

Indian Territory Court of Appeals, in the case of *Bias v. United States,* 3 Ind. T. 27, 53 S W. 471, held:

"There is no distinction between criminal and civil cases with regard to the necessity of saving exceptions. It is just as necessary that error be properly excepted to in a criminal case as in a civil case."

See, also, *State v. Bates,* 38 La. 491; *State v. Holcombe,* 41 La. Ann. 1066, 6 South 758; *Buel v. People,* 78 N. Y. 492, 34 Am. Rep. 555; *Mitchell v. Com.,* 75 Va. 856; *Stone v. State,* 42 Ind. 418.

There being no prejudicial error disclosed by the record, the judgment of the court below is affirmed at the costs of the plaintiff in error, and the sheriff of Pottawatomie county is directed to proceed at once to execute the judgment of the court below.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.