## FRANK BORNHEIM v. STATE.

No. A-5985. Opinion Filed March 3, 1928.
(264 Pac. 921.)

Wilkerson & Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as defendant, was by information charged in the county court of Pittsburg county, Okla., with having possession of 4½ gallons of Choctaw beer, with the unlawful intention then and there to sell the same.

Before the case was called for trial the defendant filed his motion to suppress the evidence obtained by reason of the search and seizure based upon a search warrant issued by E. E. West, justice of the peace, the affidavit for which was made on information and belief. The motion of the defendant was by the court overruled and defendant duly excepted. A jury was impaneled and sworn to try the issues, and after hearing the evidence introduced over the objection of the defendant, and argument of counsel, and instructions of the court, returned a verdict finding the defendant guilty and fixing his punishment at 75 days in the county jail, and a fine of $200. Motion for new trial was filed, considered, and overruled, and defendant reserved an exception.

All the evidence introduced by the state was procured by reason of a search warrant issued upon the affidavit of G. E. Hanes, who made the affidavit on information and belief and without any actual knowledge of affiant that the defendant was violating the prohibitory laws of the state of Oklahoma.

The second and eighth assignments of errors will be considered together, as they relate to the same question:

"(2) That the court erred in overruling the plaintiff in error's motion for a new trial."

"(8) The court erred in permitting the state to introduce testimony as to the materials found on said premises, for the reason that no proper affidavit for search warrant and no proper search warrant was issued and the officers making the raid at said place were trespassers and said search was oppressive and contrary to law."

All of the evidence introduced by the state was procured by reason of the search warrant issued by E. E. West, justice of the peace, based upon an affidavit of G. E. Hanes, who made the affidavit upon information and belief and without any actual knowledge that the defendant was

violating the prohibitory laws of the state of Oklahoma.

G. E. Hanes testified as a witness for the state, and failed to disclose he had any knowledge that the defendant had violated the prohibitory laws up until the time he went to the defendant's home, together with others, for the purpose of searching defendant's home. Nothing was found at defendant's home but what was designated as choc beer, and the evidence is indefinite as to whether or not it was intoxicating. There is no evidence that any one of the witnesses drank a sufficient quantity to tell whether it had an intoxicating effect.

The defendant urges that the affidavit upon which the search warrant was based was void and insufficient, not being in compliance with the Constitution of the state relating to search and seizure; that the statements made in the affidavit that affiant had probable cause for believing that intoxicating liquor was being manufactured for the purpose of selling, bartering, giving away, and otherwise furnishing the same made on information and belief only, and does not set forth facts sufficient to establish grounds for probable cause for believing they exist as provided under our statute. This court is of the opinion that the objection of the defendant to the introduction of the testimony procured under a search warrant based upon the affidavit was well taken, and that all the testimony that the state had was testimony unlawfully procured.

There are other assignments of error argued by the defendant, but the view we take of this case we do not deem it necessary to discuss them. There is no legal testimony to support the verdict of the jury and judgment based thereon.

For the reasons stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.