## BARNES TAYLOR v. STATE.

No. A-6033.  Opinion Filed Dec. 8, 1928.
(272 Pac. 886.)

Davis & Brumfield, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Noble county, upon a charge of having in his possession choc beer, capable of being used as a beverage, for the purpose of bartering, selling, giving away, and otherwise furnishing the same to others, and sentenced to imprisonment in the county jail for a period

of six months and to pay a fine of $500. Motion for new trial was filed and overruled, and appeal perfected to this court.

The information in this case was filed June 13, 1925. On October 12, 1925, the defendant appeared in court by his attorneys, and filed a motion to quash the search warrant and the affidavit upon which the search warrant was based, for the following reasons:

"1. That said warrant is not in due form as required by law and is therefore illegal and void, ab initio.

"2. That the affidavit praying for the search warrant in this case does not state sufficient facts to justify the issuance of said warrant and the warrant is therefore illegal and void."

Defendant filed a motion to suppress the evidence of the state on the following grounds: "That said evidence was obtained wrongfully and by means of an illegal and void search warrant, and that all the evidence of the state obtained by means of such illegal and void search warrant is by law inadmissible against this defendant."

Motions to quash search warrant and to suppress evidence was overruled, and defendant duly excepted. The defendant also renewed his objection to the evidence on the ground that it was procured by an illegal search warrant.

The allegations in the affidavit upon which the search warrant is based is that F. H. Yeager was sworn, and stated that numerous and divers persons, who are users of intoxicating liquor, do frequent a public resort, indicating that intoxicating liquors are being sold, bartered, given away, or otherwise disposed of, in violation of the prohibitory laws of the state of Oklahoma; then states that it is a one-story residence building in Perry,

Okla., used, occupied, and in possession of the defendant Barnes Taylor.

Defendant assigns several errors alleged to have been committed by the trial court. After a careful examination of the record, the only errors we deem necessary to be discussed are the action of the court in overruling defendant's motions to quash the search warrant, to suppress the evidence, and admitting evidence procured by reason of the search warrant, over the objection of the defendant, and refusing to exclude the evidence offered by the state from the consideration of the jury.

This court has repeatedly defined what was necessary for the purpose of securing a warrant to search a residence and defined what should be stated in an affidavit for a warrant.

In Cudjo v. State, 34 Okla. Cr. 199, 245 P. 906, the court said: "A private residence is immune from search and seizure unless a showing is made by affidavit that such residence or some portion of it is * * * a place of storage, or a place of public resort."

It has been held by this court in so many cases that we deem it useless to cite all the authorities that an affidavit for search warrant is insufficient if made on information and belief. Vice v. State, 36 Okla. Cr. 18, 251 P. 509; Hancock et al. v. State, 35 Okla. Cr. 96, 248 P. 1115; Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106; Hall v. State, 34 Okla. Cr. 334, 246 P. 642; Bornheim v. State, 39 Okla. Cr. 224, 264 P. 921.

The question in this case is: Can the affidavit be interpreted to be an affidavit on information and belief, or an affidavit on suspicion, as the language used in the affidavit, that numerous persons frequent a public resort, indicating what is being done at the place, cannot be inter-

preted as a positive statement that intoxicating liquors are being kept at the place described for the purpose of being sold, bartered, given away, or otherwise disposed of, in violation of law? The affidavit does not contain any of the statutory requirements necessary for the purpose of securing a search warrant to search the residence of defendant. The affidavit does not state facts necessary under our statute to warrant the court in issuing the necessary search warrant; the motion to quash the affidavit for the warrant, and to suppress the testimony secured thereunder and the objection of the defendant to the introduction of the testimony procured under the search warrant based upon the insufficient affidavit, was well taken and should have been sustained. There is no competent testimony to support the verdict and judgment.

For the reasons stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.