# B. E. WOODARD v. STATE.

No. A-6738.   Opinion Filed August 24, 1929.
Rehearing Denied September 14, 1929.
(280 Pac. 479.)

M. D. Hartsell, for plaintiff in error.

Milam M. King, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of six months.

The evidence of the state was that W. J. Williams, a deputy sheriff, accompanied by Lee Norris and Charles Drennan, went to the home of the defendant, and that Drennan got out of the car and went in and purchased a quart of whisky and a half-gallon of Choctaw beer from the defendant; that they then went back to Checotah, where the witness obtained a search warrant and returned

to the defendant's premises accompanied by Lee Norris and J. W. Sampson, at which time the witness searched the premises of the defendant and found a gallon of whisky, 15 or 20 gallons of Choctaw beer, and quite a bit of wine. The witness testified that the Choctaw beer was intoxicating; that, in addition to the liquor, they found a copper boiler and a connection for a still and a barrel with a small amount of mash in it.

The defendant contends that the description in the affidavit and search warrant was insufficient to authorize the search of the premises. The defendant filed no motion to suppress the evidence, and a careful examination of the record reveals that he made no timely and proper objections to the introduction of the evidence seized under the search warrant. This court has held in a number of cases that the right to immunity from the consequences of an illegal search and seizure belongs only to the person affected, and that such right to immunity may be waived by the defendant. Ford v. State, 5 Okla. Cr. 241, 114 Pac. 274; Stack v. State, 4 Okla. Cr. 1, 109 Pac. 126.

When the state called its first witness, the defendant objected to the officer testifying to what occurred on the first trip to the premises of the defendant and before any search warrant was issued. The state not having yet offered the evidence obtained under the search and seizure, the objection was made out of time. At no other place in the record does the defendant make any objection to the introduction of the testimony on account of the insufficiency of the affidavit or the search warrant. Further on in the trial of the case, the defendant objected to the testimony of the witness for the reason that the officer under his own statement is guilty of conniving to induce a man to violate the law so he could not make an arrest. Further on in the trial, the defendant objected to the

evidence for the reason that the search warrant did not authorize the search for anything except whisky, and finally the defendant objected and asked that the evidence be excluded for the reason that this officer is the one who made the complaint, made the search, and made the arrest, and can only receive remuneration when he makes an arrest and succeeds in securing a conviction. But nowhere in the record did the defendant make any objection when the state offered the evidence procured under the search warrant upon the ground that the affidavit and search warrant were insufficient to authorize the search. The error complained of must affirmatively appear upon the record, and where the record discloses that the defendant did not raise the question there is nothing before this court for it to consider. See Price v. Territory, 1 Okla. Cr. 508, 99 Pac. 157; Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Beaubein v. State, 13 Okla. Cr. 440, 165 Pac. 213.

The defendant next contends that the punishment fixed by the jury is excessive. The jury in their verdict assessed the punishment at a fine of $50 and imprisonment in the county jail for six months. This court is not familiar with the conditions surrounding the defendant, but it appears from the evidence that a sale of a quart of whisky and one-half gallon of Choctaw beer was made the night before the raid, and that at the time of the raid the officers found one-half gallon of whisky, 15 or 20 gallons of Choctaw beer, quite a bit of wine, and a still. There is nothing in the record to indicate bias or prejudice of the jury, and we are of the opinion from all the facts and circumstances appearing in the case that the punishment is not excessive.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.