## VAS GRIDER v. STATE.

No. A-8277.   Jan. 15, 1932.
(7 Pac. [2d] 170.)

See, also, 49 Okla. Cr. 151, 295 Pac. 400.

Frank Petree, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Jackson county of transporting as a second and subsequent violation of the prohibitory liquor law, and his punishment fixed at a fine of $100 and a term of 30 days in the county jail.

The first contention is that the evidence does not support the judgment. This is not tenable. Certain officers had reasonable cause to believe defendant to have committed a felony, and arrested him under the provisions of section 2471, Comp. St. 1921. A short time after his arrest, they searched the car which he had been driv-

ing and found in the back seat behind the cushions a secret compartment in which was concealed about a gallon of whisky. It is claimed this evidence is insufficient, in that the officers could not positively testify the liquid found was in fact whisky. The officers were unable to testify in what manner they determined this was whisky; whether by taste, smell, or otherwise; but no issue on this point was made at the trial.

It is next argued the evidence was obtained by an illegal search. No motion to suppress nor objection was made to the evidence at the time it was offered. At the conclusion of the state's testimony, a motion was made for a directed verdict, on the ground the evidence was obtained by an unlawful search. Even if otherwise valid, the objection comes too late. Unless objection is made by a motion to suppress or to the introduction of the testimony on this ground, the objection is waived. It is well settled, however, that after a legal arrest a search of the person in immediate presence of the person arrested is valid. Rambo v. State, 38 Okla. Cr. 192, 259 Pac. 602; Smith v. State, 51 Okla. Cr. 119, 299 Pac. 243; Moore et al. v. State, 51 Okla. Cr. 411, 1 Pac. (2d) 813.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., not participating.