## THIGPEN v. STATE.

No. A-11658. Feb. 18, 1953.

(253 P. 2d 1083.)

Harland A. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error Jim Thigpen, defendant below, was charged by information in the county court of Okmulgee county, Oklahoma, with the offense of the unlawful possession of intoxicating liquors consisting of 31 pints of tax-paid intoxicating liquors. The offense complained of was allegedly committed on December 5, 1950. The defendant was tried to a jury, convicted, his punishment fixed at a fine of $250 and 90 days in the county jail; judgment and sentence entered accordingly, from which this appeal has been perfected.

To the hereinbefore described information the defendant was arraigned on December 6, 1950, at which proceeding he entered a plea of not guilty. Thereafter, on June 13, 1951, he filed a motion to quash the affidavit for search war-

rant and the search warrant for the reason they were not issued, served and returned according to law. When the case came on for hearing on the motion to quash on June 14, 1951, the record discloses the defendant asked permission to withdraw his plea of not guilty and enter his motion to quash the affidavit for search warrant and the search warrant. It appears that permission was granted so to do. The motion to quash was continued without prejudice to the trial set for June 22, 1951. In the record it appears from a minute entry on June 22, 1951, that the motion to dismiss was overruled. It nowhere appears in the record as to what motion to dismiss the minute alludes. We can only surmise that the minute has reference to the defendant's motion to quash. The record further discloses that on June 26, 1951, the cause came on regularly for trial, at which time the defendant renewed his motion to quash the affidavit for search warrant and the search warrant in the case for the reason there was a material variance between the informative part of the search warrant and the descriptive and commanding part of the search warrant. The jury was excused and the search warrant was introduced in evidence. It appears that the variance relied upon was that in the informative paragraph of the search warrant the property to be searched was described as a white frame house, and garage and outbuildings used by him (the defendant Jim Thigpen) was a home and place of public resort located at 811 East Kennedy, Block 1, Lots 3 and 4 in the Northside of the city of Okmulgee, Okmulgee county, Oklahoma. The next portion of the search warrant known as the descriptive or the commanding part of the search warrant reads as follows to wit:

"You are therefore commanded to make immediate search in the day or in the night time *in said above described white frame house, garage and outbuildings and premises, at said town of Lot 1, Block 3 and 4, Northside Addition,* aforesaid, for said intoxicating liquors", etc.

It does not appear that any further evidence was taken on the motion to quash the search warrant and affidavit. The record discloses, however, that said motion was overruled to which it appears no exception was saved. We think the reason no exception was saved is apparent from the language contained in the search warrant that the commanding part of the said warrant referred back to the informative part of the said warrant to the "said above described white frame house, garage and outbuildings and premises," (therein described as Block 1, Lots 3 and 4.) Hence it clearly appears that the description that follows that reference back to the description contained in the informative part of the search warrant was a typographical error, since the commanding part of the search warrant referred back to the description in the informative part of the search warrant. The trial court so regarded the situation and at the time of trial counsel for the defendant must have been so impressed for he acquiesced in that interpretation and did not preserve the objection thereto by a proper exception. In Baker v. State, 9 Okla. Cr. 47, 130 P. 524, it was said:

"It is the duty of counsel to raise, at the proper time * * *, all objections to the proceedings, and save proper exceptions. When this is not done, they are treated as waived, and there are few exceptions to this rule."

As further evidence of acquiescence in the trial court's interpretation of the search warrant, and the defendant's waiver of the objection based thereon, he did not move to suppress the evidence before it was offered, or object to the introduction of the evidence in the trial on the merits, on the ground that it was unlawfully obtained. This procedure has been held to be proper to make an objection to the introduction of evidence unlawfully obtained available on appeal. In Woodard v. State, 44 Okla. Cr. 223, 280 P. 479, this court said:

"But nowhere in the record did the defendant make any objection when the state offered the evidence procured under the search warrant upon the ground

that the affidavit and search warrant were insufficient to authorize the search. The error complained of must affirmatively appear upon the record, and where the record discloses that the defendant did not raise the question there is nothing before this court for it to consider. See Price v. Territory, 1 Okla. Cr. 508, 99 P. 157; Gritts v. State, 6 Okla. Cr. 534, 118 P. 673, 120 P. 669; Beaubein v. State, 13 Okla. Cr. 440, 165 P. 213.''

To the same effect is Taylor v. State, 41 Okla. Cr. 236, 272 P. 886, wherein a motion to quash the affidavit and search warrant was interposed and overruled and then a motion to suppress the evidence made and urged. Apparently, the defendant intended to but did not follow the procedure in the latter case. To the same effect is Hendrix v. State, 82 Okla. Cr. 105, 166 P. 2d 785; Grider v. State, 53 Okla. Cr. 58, 59, 7 P. 2d 170; Gragg v. State, 72 Okla. Cr. 189, 114, P. 2d 491. We are of the opinion that by not saving an exception to the trial court's order overruling the motion to quash the affidavit and search warrant, the defendant clearly indicated his intention to abandon objection to the form of the affidavit and search warrant, and by not moving to suppress the evidence he waived his right so to do on appeal.

The defendant's next contention is that the evidence is insufficient to sustain the verdict, judgment and sentence. This contention is wholly without merit in face of the record herein made since, under the provisions of Title 37, § 82, O.S.A. 1941, the possession in excess of one quart of intoxicating liquor constitutes prima facie evidence of intent to convey, sell or otherwise dispose of such liquor. The record discloses not even a scintilla of proof contrary to the legal presumption. He was in possession of 31 pints of tax-paid whiskey and his silence as to any lawful reason for the possession of the same condemns him under the law. In view of all the foregoing, the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.