**Doyle Wayne ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee,**

No. F–79–717.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1982.

R. W. "Bud" Byars, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Crim. Div., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Doyle Wayne Anderson, was convicted of Attempting to Bribe a Police Officer, in Okfuskee County District Court, Case No. CRF–78–7, was sentenced to two and one-half (2½) years' imprisonment, and he appeals.

The appellant alleges that the trial court erred in allowing evidentiary harpoons and evidence of other crimes into evidence. However, he has not properly preserved these issues for our review.

He has not specified any examples of evidentiary harpoons in his brief, and a careful review of the record fails to reveal any evidentiary harpoons.[1] Also, the record does not demonstrate that the appellant objected to the introduction of evidence of other crimes. Although the appellant contends that he had a continuous objection to this type of testimony, the record does not support this contention.[2]

In *Davis v. State*, 514 P.2d 1195 (Okl.Cr. 1973), this Court recognized the general rule that objections must be made in order to preserve the error for appeal. Also see, *Thigpen v. State*, 96 Okl.Cr. 309, 253 P.2d 1083 (1953); *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977). Absent any objection at trial, defendant has waived the alleged error, and this Court may not now consider it on appeal. The record demonstrates that the appellant objected to testimony regarding relevance on several occasions, but he never objected to testimony of other crimes being admitted. Moreover, the defense attorney himself questioned witnesses at length on activities which occurred in fulfillment of the bribery transaction.

Furthermore, the appellant failed to raise any of the propositions that he now argues as errors in his motion for new trial. We have held on numerous occasions that only assignments of error presented in the motion for new trial will be considered on appeal unless such error complained of is fundamental. *Hawkins v. State*, 569 P.2d 490 (Okl.Cr.1977).[3]

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., concurs in results.

1. In *Robinson v. State*, 507 P.2d 1296 (Okl.Cr. 1973) this Court, quoting from *Wright v. State*, 325 P.2d 1089 (Okl.Cr.1958) defined the term "evidentiary harpoon" as follows: "An evidentiary harpoon is that which has been willfully jabbed into the defendant and then jerked out by an admonition to the jury not to consider the same."

2. The record reveals the following colloquy:
   MR. REEVES: If Your Honor please, we'd like to object and continue objecting to this testimony. It's irrelevant to the information that's been filed with this Court and it has nothing to do with bribing a police officer.

THE COURT: I don't know, it may, if you look it up.
   MR. RAHHAL: It states in there while the bribe was offered.
   THE COURT: Just don't volunteer anything. Go ahead. He's overruled.
From the foregoing it is clear that the judge did not grant a continuing objection.

3. The record reveals the following:
   MOTION FOR NEW TRIAL
   COMES NOW the Defendant and moves this court to grant him a new trial.