Eugene Cecil HACK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-607.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1982.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Division, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Eugene Cecil Hack, was convicted in Oklahoma County District Court, in Case No. CRF–81–2052, of Robbery with Firearms, After Former Conviction of a Felony, and in Case No. CRF–81–2088, count 1, of Assault and Battery with a Deadly Weapon with Intent to Kill, After Former Conviction of a Felony, and count 2, of Assault with Intent to do Bodily Harm, After Former Conviction of a Felony, and he appeals.

The uncontroverted facts are that on April 24, 1981, the appellant, Eugene Cecil Hack, entered a U-Totem store located in Oklahoma City, and, by use of a firearm, robbed it; he was followed as he left the store by several persons, among them Jim Fields, whom the appellant shot with a shotgun; when Officer Jerry Williams stopped the fleeing vehicle, he was shot at, but not hit. Hack raises two (2) assignments of error.

■ As his first assignment of error, the appellant alleges that error was committed when Officer Younker testified that during his pursuit and capture Hack took a hostage.[1] It is contended that the evidence was admitted contra the rule enunciated in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). We are of the opinion that *Burks* is applicable in the instant case, but not for the reason argued by the appellant. As was pointed out in the body of that opinion, those procedures "do not relieve defense attorneys of the need to object to inadmissible evidence of other crimes." Since a proper objection was not made at trial to the introduction of the now complained of testimony, the issue has not been properly preserved for review.

■ As his second assignment of error, the appellant contends that the testimony of witness, Janet Stephen, in the first stage of the bifurcated proceeding, relating to a statement attributed to Hack at the crime scene,[2] and that given by her in the second stage, differed markedly and was a result of "molded testimony" by the prosecuting attorney, who had advised the witness not to refer to Hack's prior conviction in the first stage. The testimony now complained of was not objected to at trial and has thus been waived. *Anderson v. State*, 641 P.2d 555 (Okl.Cr.1981), and cases cited therein. Moreover, even if the issue had been properly preserved, we are of the opinion that the testimony was properly admitted in the second stage.

The judgment and sentence is AFFIRMED.

---

1. The testimony of the officer was as follows:
   ... I hollered at him three times to put his hands on his head. After the third time, I turned my head to grab the mike of the scout car to tell headquarters that I had another armed robbery suspect and to send me some help. It was at this time when I turned my head for a split second that there was a girl walking behind him approximately ten yards that was in line of me because I wasn't running a straight line at him. He was a little off to my right. And the girl was walking up behind him all this time watching everything. She didn't get out of the way. And she was about right upon him when I called for the backup.
   MR. WILSON: Judge, we're going to object to any further testimony as being irrelevant and immaterial.
   THE COURT: Be overruled. You may continue.
   A. Okay. It was about that time that the girl was up to this suspect, and when I had my head turned, I saw him put a—what looked like a gun from the front of his pants, grabbed the girl by the left arm and stuck it to her back. That was when I grabbed the mike again to headquarters and said that my suspect had just taken a hostage, to send me some more help. (Tr. 120 & 121)

2. The testimony of the witness is as follows:
   A. First Stage: He was going to drop that pig. He wasn't getting caught. (Tr. 98)
   B. Second Stage: He said he was going to drop the pig and he wasn't going to get caught and he wasn't going to go back to the pen. (Tr. 198)

BRETT, P.J., concurs.

CORNISH, J., dissents.