**Haskell Edward JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M-81-116.**

Court of Criminal Appeals of Oklahoma.

April 28, 1983.

Charles W. Stubbs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Oklahoma, Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Haskell Edward Johnson was convicted in the District Court of Oklahoma County, Case No. CRF–80–2597, for the offense of Assault and Battery With a Dangerous Weapon, was sentenced to six (6) months in the county jail, and he appeals.

The undisputed testimony shows that on July 4, 1980, at approximately 12:30 a.m., James Ruiz, Francisco Acota and Juan Alvarez, were at Billy's Place, an Oklahoma City bar, when a fight broke out. Acota was involved in the fight. As the three left the building, Ruiz was shot in the back.

However, testimony regarding who fired the shot and how it was fired was disputed. Witnesses for the State testified that they saw the appellant shoot the victim. Witnesses for the defense testified the defendant was inside the building at the time of the shooting. The victim was unable to identify his assailant.

Initially, the appellant asserts that the trial court erred in allowing the district attorney to elicit impeaching evidence from one of the appellant's witnesses. Specifically, he claims that the trial court allowed the district attorney to question the witness about a previous conviction which was more than ten (10) years old, allegedly in violation of 12 O.S.1981, § 2609.

The applicable portions of Section 2609 provide that prior convictions may be introduced to impeach the credibility of the witness if the crime involved dishonesty or false statements, regardless of the punishment, or is punishable by death or imprisonment for more than one year, and the court determines the probative value outweighs its prejudicial effect to the defendant. However, Section 2609(B) limits the use of such crimes to those in which conviction was obtained within the past ten (10) years or within ten (10) years of the release of the witness, whichever is later, "unless the court determines, in the interests of justice, that the probative value of the conviction . . . substantially outweighs its prejudicial effect."

The issue stems from the questioning of Ronny Potter, a defense witness. At an in camera hearing, Potter stated that he had fired the shot, but he declined to testify as such at trial after receiving the advice of independent court-appointed counsel.

Following his testimony that the appellant was inside the club when the shot was fired, the questioning continued by defense counsel:

Q. Mr. Potter, have you ever been convicted of a crime?

A. Yes, sir.

Q. All right. Was it a felony?

A. Yes, sir.

Q. What was the crime, sir?

A. Robbery by firearms.

Q. Did you go to the penitentiary?

A. Yes, sir.

Q. What state of the United States or federal government was that?

A. Texas.

On cross examination, the State established that the armed robbery conviction was in 1965. Defense counsel objected when the State asked Potter, "[H]ave you been convicted of any crimes prior to 1965?"

At the bench, the trial court first agreed with appellant's counsel that the objection should be sustained based upon the statutory restrictions prohibiting the use of crimes more than ten (10) years old. However, the State argued that the question asked on direct examination, had Potter *ever* been convicted of a crime, opened the door to Potter's lifetime record. The trial court then held that such evidence may be presented if the question was properly worded, but that it must be restricted only to felonies and crimes of moral turpitude. The following then took place over the defendant's objection:

Q. Mr. Potter, prior to 1965, the Armed Robbery conviction you made reference to, had you ever been convicted of any other felonies?

A. Yes, I have.

Q. And what were they, sir?

A. Forgery in passing, Grand Larceny.

Q. Passing a forged instrument?

A. Yes.

While the crime in question did not come within the ten-year limit imposed by the statute, this Court finds that, under the statute, the trial court may allow such evidence at its discretion, and that such evidence directly affected the issue of the witness' honesty and came within the limits established by the trial court at the bench.

The statute allows evidence as to whether the witness has been convicted of a crime, or released from confinement, within the last ten (10) years. Therefore, the most precise questions to be asked are: (1) "Have you been convicted of a felony or crime involving dishonesty within the past ten (10) years?"; to be followed by (if the answer to the previous question is "no"); (2) "Have you been released from any prison within the past ten (10) years for such a crime?"

■ Here, the defense erred in the wording of its question; it should have been more limited in the reference of time. While the State should respect the ten-year statutory limit, the use of the word "ever" may mislead the jury into believing the time covered is more than the statutory period. Therefore, the trial court did not misuse its discretion in determining, "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." 12 O.S.1981, § 2609(B). Therefore, this first proposition of error is dismissed as without merit.

In his second argument, the appellant alleges that the district court erred by allowing the district attorney to ask each witness whether he had been convicted previously of a crime, claiming that this questioning put the burden of proof on the witnesses as to whether they had been convicted of previous crimes.

■ Only three of the six witnesses, excluding Potter, were asked about previous convictions. However, the defendant failed to object to the questions posed to two of the witnesses. Therefore, any alleged error

as to those was waived. *Smith v. State,* 594 P.2d 784 (Okl.Cr.1979). See also, *McGlumphy v. State,* 538 P.2d 1097 (Okl.Cr.1975). However, the appellant did not object to the questioning of David Hoss.

Questioning a witness about his prior record to impeach him is permissible if 12 O.S.1981, § 2609, supra, is followed. "This Court has repeatedly held that such a line of questioning should be done in good faith and not for the purpose of prejudicing and arousing suspicion of the jury against the defendant." [citations omitted] *Kizer v. State,* 67 Okl.Cr. 19, 93 P.2d 58, 90 (Okl.Cr. 1939).

■ The questioning in this case was neither forceful nor continuous. When the witnesses replied "no," the district attorney dropped the matter and continued on to other subjects.[1] When the questions are within the boundaries of the statute and asked in good faith and in an appropriate manner, they are not prejudicial. Accordingly, the appellant's claim is dismissed as without merit.

Finally, the appellant asserts that the trial court erred in not requiring the State to produce evidence that was exculpatory. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, that assertion is not specifically addressed in the appellant's brief. Instead, he argues that the trial court refused to let him prove that only one shot had been fired, which would contradict the testimony of certain witnesses for both the State and defense. Those witnesses testified that they heard more than one shot fired.

■ However, after a review of the record, it does not appear that the appellant attempted to introduce such evidence,

which it claims was in the possession of the court. Having found no attempt to introduce such evidence, nor any objections to the court's failure, if any, to have it produced, this Court has no grounds upon which to base a ruling. Generally, objections must be raised in order to preserve the error for appeal. See *Davis v. State,* 514 P.2d 1195 (Okl.Cr.1973), *Thigpen v. State,* 96 Okl.Cr. 309, 253 P.2d 1083 (1953). Absent any objection at trial, the defendant has waived the alleged error, and this Court may not consider it on appeal. *Gaines v. State,* 568 P.2d 1290 (Okl.Cr.1977).

■ Within this same assignment of error, it is claimed that the trial court erred in not allowing the defense to call witness Potter on surrebuttal. A review of the in-camera hearing (Tr. 225–228) reveals that the trial court did not err in concluding that there was no reason to question the defense witness again on the issue of the number of shots fired. The arguments at trial and on appeal are both unclear and unpersuasive. Therefore, the judgment and sentence is Affirmed.

BUSSEY, P.J., and CORNISH, J., concur.

---

1. The only time the defense objected was when Mr. Hoss was testifying. The transcript reads as follows:

Q. Mr. House (sic), have you ever been convicted of a felony?
A. No, sir.
Q. Have you ever been convicted, during the last ten years, of a crime involving dishonesty or false statement?
BY MR. STUBBS: Objection to the form of the question, your honor.

BY THE COURT: Be overruled, exception allowed.
BY MR. STUBBS: *Make him present an offer of proof if he has such evidence.*
BY THE COURT: No, just answer the question.
(By the witness) No, sir.
(By Mr. Chestnut) Mr. House (sic), you indicated you lived at . . .